# EXHIBIT 1



December 10, 2020

W. Bard Brockman, Partner
Bryan Cave Leighton Paisner LLP
One Atlantic Center, 14th Floor
1201 W. Peachtree St., N.W.
Atlanta GA 30309-3471

Via Email: bard.brockman@bcplaw.com

      Re: Administrative Claims under Rollins 401(k) Plan Section 11.7

Dear Bard:

Per your direction via email on December 9, 2020, I am sending this letter for you to pass along to the Administrative Committee.  This firm has been retained by David Guyon, Marcia Fleming, Casey Freeman, Anthony Loscalzo, Patrick Roseberry and Julio Samaniego ("Participants") regarding issues surrounding the 401(k) Plan ("Plan") in which they participated in during their employment with Rollins, Inc. ("Rollins").  Accordingly, please direct all future correspondence regarding this matter to my attention at the address below.

On behalf of the Participants, please adjudicate the followng administrative claims under the Plan (Section 11.7).

The specific claims are as follows:
1) Breach of duties of loyalty and prudence for imprudent and disloyal monitoring of plan investments under 29 U.S.C. §§ 1132(a)(2) and (3), which caused losses to plans and participants.
    a. Plan fiduciaries breached their duties of prudence and loyalty by disloyally and imprudently monitoring Plan investment options during the Class Period, in particular the: Alger Mid Cap Growth Institutional I; American Funds Capital World Gr&Inc R4; American Funds EuroPacific Growth R4; American Funds Growth Fund of Amer R4; Franklin Growth Adv; Goldman Sachs Mid Cap Value A; Hartford MidCap Y; Metropolitan West Total Return Bd Plan; Morgan Stanley Inst Discovery I; Oakmark Equity And Income Investor; T. Rowe Price New Horizons; Victory Diversified Stock A; Victory Sycamore Established Value A; Victory Sycamore Small Company Opp I.
    b. Maintaining those funds in the Plans financially benefited Prudential and its affiliates, since they generated millions of dollars in fee income for Prudential.
2) Breach of duties of loyalty and prudence for imprudent and disloyal monitoring of plan service providers under 29 U.S.C. §§ 1132(a)(2) and (3), which caused losses to plans and participants.



P a g e | 2

3) Breach of duties of loyalty and prudence for imprudent and disloyal monitoring of plan fiduciaries under 29 U.S.C. §§ 1132(a)(2) and (3), which caused losses to plans and participants.
4) Failing to remedy breach of predecessor fiduciaries - failing to take adequate steps to remedy their predecessors' breaches in selecting the funds referenced above in 1(a)
5) Violation of 29 U.S.C. § 1106 with regard to prohibited transactions between the plan and party in interest - the Plans used conflicted service providers which recommended investments that were detrimental to the Plans and trusts and harmed participants.

If there is any information that you believe we have not provided or any further administrative process that still needs to occur beyond this letter, please advise me immediately. Thank you for authorizing me to begin the administrative process by providing you with this letter and for your anticipated cooperation in this matter.

Sincerely,

Paul J. Sharman, Esq.
paul@sharman-law.com

cc:   Jon Pels, Esq.
      David Guyon
      Marcia Fleming
      Casey Freeman
      Anthon/Loscalzo
      Patrick Roseberry
      Julio Samaniego