# EXHIBIT 3



March 1, 2021

BY ELECTRONIC MAIL AND U.S. MAIL FIRST CLASS – paul@sharman-law.com

Paul J. Sharman, Esq.
The Sharman Law Firm LLC
11175 Cicero Drive Suite 100
Alpharetta, GA  30022
paul@sharman-law.com

      Re:  Administrative Claims under Rollins 401(k) Savings Plan (the "Plan")
           Section 11.7 Dated December 10, 2020

Dear Mr. Sharman:

The Rollins Inc. Administrative Committee ("Committee") has completed its review of your correspondence to Mr. W. Bard Brockman dated December 10, 2020, setting forth administrative claims under Plan Section 11.7 on behalf of David Guyon, Marcia Fleming, Casey Freeman, Anthony Loscalzo, Patrick Roseberry and Julio Samaniego ("Claim").

The Claim asserts the following:

1) breach of duties of loyalty and prudence for disloyal monitoring of Plan investments under 29 U.S.C. §§ 1132(a)(2) and (3) ("Claim 1");[1]
2) breach of the duties of loyalty and prudence for imprudent and disloyal monitoring of plan service providers under 29 U.S.C. §§ 1132(a)(2) and (3) ("Claim 2");
3) breach of duties of loyalty and prudence for disloyal monitoring of plan fiduciaries under §§ 1132(a)(2) and (3) ("Claim 3");
4) failing to remedy breach of predecessor fiduciaries – failing to take adequate steps to remedy their predecessors' breaches in selecting the funds referenced in the first claim ("Claim 4"); and
5) violation of 29 U.S.C. § 1106 with regard to prohibited transactions between the plan and party in interest – the Plans used conflicted service providers which recommended investments that were detrimental to the Plans and trusts and harmed participants ("Claim 5," collectively with Claims 1 through 4, the "Claims").

---

[1] Specifically: Alger Mid Cap Growth Institutional I; American Funds Capital World Gr&Inc R4; American Funds EuroPacific Growth R4; American Funds Growth Fund of Amer R4; Franklin Growth Adv; Goldman Sachs Mid Cap Value A; Hartford MidCap Y; Metropolitan West Total Return Bd Plan; Morgan Stanley Inst Discovery I; Oakmark Equity and Income Investor; T. Rowe Price New Horizons; Victory Diversified Stock A; Victory Sycamore Established Value A; Victory Sycamore Small Company Opp I (collectively, the "Funds").

602905013.3



The Committee acknowledged receipt of the Claim by letter dated December 21, 2020. In that letter, you were invited to provide any further information you wished the Committee to consider in connection with the Claim. No additional information was received.

The Committee reviewed the Claim pursuant to its duties under ERISA and the terms of the Plan. In reviewing the Claims, we considered: (1) the Committee's overall structure and its process for monitoring and selecting investments and service providers; (2) the substantive review of investment performance and selection; (3) the substantive review of service provider fees; (4) the monitoring of Plan fiduciaries; (5) whether any decisions resulted in the Plan participating in conduct that violated ERISA's prohibited transaction rules; and (6) the investment selections of the individual plan participants making the Claim. In undertaking this analysis, we reviewed the Plan's governing documents, the Plan's ERISA §§ 404(a)(5) and 408(b)(2) disclosures, the Committee meeting materials and minutes, the Committee's Investment Policy Statement, and the Plan's annual Form 5500s.

In Claims 1 and 4, the Claim asserts that Plan fiduciaries breached their duties by selecting and retaining the Funds. Based upon our review of the meeting minutes pertaining to the selection and retention of the Funds as well as the Plan's public disclosures reporting the Funds' performance as compared to Funds' respective benchmarks, the Committee found that the Funds performed well against their respective benchmarks and were selected appropriately based on their performance and management in accordance with established guidelines and the advice of an independent employee benefits advisor. After their initial selection, the funds were monitored on a regular basis and in accordance with the established guidelines and the advice of an independent employee benefits advisor. Finding no support for Claims 1 and 4, we deny them.

In Claim 2, the Claim asserts that the Plan fiduciaries breached their duties by failing to properly monitor plan service providers. To consider this claim, the Committee reviewed the meeting minutes to determine whether and at what times service provider fees were considered. We also reviewed historical recordkeeper fees and services in connection with the Plan. Based on this record, we found that service providers were selected prudently with the help of an independent employee benefits advisor and that efforts were made to maintain reasonable costs while maintaining quality services for the Plan and its participants, again with the help of an independent employee benefits advisor. Based on these findings, we deny Claim 2.

In Claim 3, the Claim asserts that the Plan fiduciaries failed to monitor other fiduciaries. The Claim identifies neither the improperly monitored fiduciaries nor the fiduciaries who failed to monitor other fiduciaries. For purposes of assessing Claim 3, the Committee assumed that the failure to monitor stems from the other fiduciary breaches alleged in Claims 1, 2, and 4. Because we found no support for Claims 1, 2, and 4, we find that no support for Claim 3 exists and we deny Claim 3.

Claim 5 derives from Claims 1 and 2 and asserts that the Plan used conflicted service providers (Claim 2) which recommended investments that were detrimental to the Plan (Claim 1). We found no support for Claims 1 and 2 and no evidence of any conflicted decisions and, therefore, deny Claim 5.



As outlined above, because we have found no evidence supporting any of Claims 1 through 5, we deny Claims 1 through 5 in their entirety.

Please be advised that the terms of the Plan allow the opportunity to appeal the denial of the Claims. If your clients wish to appeal, they may submit, within sixty (60) days of receiving this notice of denial, a written request to the Committee asking that the Claims be reconsidered. At this time, you and/or the Claimants will have the right to request and review all pertinent Plan documents and submit issues and comments in writing. Whenever possible, you and/or the Claimants should send copies of any documents or records that support the appeal.

A decision regarding the appeal will be made within sixty (60) days. If necessary, the Committee may ask for an additional sixty (60) days in which to decide the appeal. The final decision will be provided in writing and will include the reasons for the decision with reference to those Plan provisions upon which the final decision was based. You and/or the Claimants may contact the Committee through me in my capacity as Chairman Committee, or as follows:

Rollins, Inc.
Attn: Eddie Northen, Chairman of the Administrative Committee
2170 Piedmont Rd., NE
Atlanta, GA  30324

If you and/or the Claimants fail to file a timely appeal, they may be foreclosed from pursuing any rights they may have in a court of law. Once they have exhausted all administrative remedies under the Retirement Plan and the Savings Plan, as the case may be, they have the right to bring an action in federal court under ERISA Section 502(a).

Sincerely,

Eddie Northen
Chairman of the Rollins, Inc. Administrative Committee

cc: Michael E. Johnson, Rollins, Inc. Assistant General Counsel (via email mjohnso3@rollins.com)

cc: W. Bard Brockman, Bryan Cave Leighton Paisner LLP (via email bard.brockman@bclplaw.com)