# EXHIBIT 4



March 9, 2021

Rollins, Inc.
Attn:  Eddie Northen, Chairman of the Administrative Committee
2170 Piedmont Rd., NE
Atlanta, GA  30324

Sent Via Certified Mail and Via Email to: bard.brockman@bcplaw.com

      Re: Appeal of Administrative Claims under Rollins 401(k) Plan Section 11.7(c)

Dear Mr. Northen:

Per your letter received on March 2, 2021, I am submitting an administrative appeal under the
Rollins 401(k) Plan Section 11.7(c) on behalf of David Guyon, Marcia Fleming, Casey Freeman,
Anthony Loscalzo, Patrick Roseberry and Julio Samaniego ("Participants"),.

As stated in the clam letter dated December 10, 2020, the specific claims are as follows:

1) Breach of duties of loyalty and prudence for imprudent and disloyal monitoring of plan
   investments under 29 U.S.C. §§ 1132(a)(2) and (3), which caused losses to plans and
   participants.
   a. Plan fiduciaries breached their duties of prudence and loyalty by disloyally and
      imprudently monitoring Plan investment options during the Class Period, in
      particular the: Alger Mid Cap Growth Institutional I; American Funds Capital
      World Gr&Inc R4; American Funds EuroPacific Growth R4; American Funds
      Growth Fund of Amer R4; Franklin Growth Adv; Goldman Sachs Mid Cap Value
      A; Hartford MidCap Y; Metropolitan West Total Return Bd Plan; Morgan Stanley
      Inst Discovery I; Oakmark Equity And Income Investor; T. Rowe Price New
      Horizons; Victory Diversified Stock A; Victory Sycamore Established Value A;
      Victory Sycamore Small Company Opp I.
   b. Maintaining those funds in the Plans financially benefited Prudential and its
      affiliates, since they generated millions of dollars in fee income for Prudential.
2) Breach of duties of loyalty and prudence for imprudent and disloyal monitoring of plan
   service providers under 29 U.S.C. §§ 1132(a)(2) and (3), which caused losses to plans and
   participants.
3) Breach of duties of loyalty and prudence for imprudent and disloyal monitoring of plan
   fiduciaries under 29 U.S.C. §§ 1132(a)(2) and (3), which caused losses to plans and
   participants.
4) Failing to remedy breach of predecessor fiduciaries - failing to take adequate steps to
   remedy their predecessors' breaches in selecting the funds referenced above in 1(a)
5) Violation of 29 U.S.C. § 1106 with regard to prohibited transactions between the plan and
   party in interest - the Plans used conflicted service providers which recommended
   investments that were detrimental to the Plans and trusts and harmed participants.



Your denial letter states, with respect to claims 1 and 4, that "the Funds performed well against their respective benchmarks and were selected appropriately based on their performance and management in accordance with established guidelines and the advice of an independent employee benefits advisor. After their initial selection, the funds were monitored on a regular basis and in accordance with the established guidelines and the advice of an independent employee benefits advisor."

You have not provided any additional information as to what these "established guidelines" are, the name or organization of the "independent employee benefits provider" and what exactly was "monitored" and the time period for the "regular basis" of the monitoring.  We thus appeal this determination with respect to claims 1 and 4 and further request the specific information on which you are relying to deny these claims.

Your denial letter states, with respect to claim 2, that you "reviewed the meeting minutes to determine whether and at what times service provider fees were considered [and]…reviewed historical recordkeeper fees and services in connection with the Plan.  Based on this record, we found that service providers were selected prudently with the help of an independent employee benefits advisor and that efforts were made to maintain reasonable costs while maintaining quality services for the Plan and its  participants, again with the help of an independent employee benefits advisor."

You have not provided the specific meeting minutes you reviewed, which service provider or recordkeeper fees were reviewed, and/or the name or organization of the "independent employee benefits provider" you consulted.  We thus appeal this determination with respect to claim 2 and further request the specific information on which you are relying to deny these claims.

As to claim 3, we appeal the determination and note that Paul E. Northen, John Wilson, Jerry Gahlhoff, James Benton and A. Keith Payne are the specific fiduciaries who failed to take adequate steps to remedy their predecessors' breaches in selecting the funds referenced in Claim 1(a).

Your denial letter states, with respect to claim 5, that you found no evidence of any conflicted decisions by service provider.  We appeal this determination and request the specific decisions reviewed and a full list of the service providers used by the Plan.

If there is any information that you believe we have not provided or any further administrative process that still needs to occur beyond this letter, please advise me immediately. Thank you for authorizing me to complete the administrative process by providing you with this appeal letter and for your anticipated cooperation in this matter.

P a g e | **3**



Sincerely,

Paul J. Sharman, Esq.
paul@sharman-law.com

cc:     Jon Pels, Esq.
        David Guyon
        Marcia Fleming
        Casey Freeman
        Anthon/Loscalzo
        Patrick Roseberry
        Julio Samaniego