# EXHIBIT 38



May 6, 2021

BY ELECTRONIC MAIL AND U.S. MAIL FIRST CLASS – paul@sharman-law.com

Paul J. Sharman, Esq.
The Sharman Law Firm LLC
11175 Cicero Drive Suite 100
Alpharetta, GA 30022
paul@sharman-law.com

      Re:  Appeal of Administrative Claims under Rollins 401(k) Savings Plan ("Plan") Section 11.7(c) Dated March 9, 2021

Dear Mr. Sharman:

The Rollins Inc. Administrative Committee ("Committee") has completed its review of your correspondence to Mr. W. Bard Brockman dated March 9, 2021, submitting an appeal ("Appeal") of the Committee's denial ("Denial") of the administrative claims ("Claim") brought under Plan Section 11.7 on behalf of David Guyon, Marcia Fleming, Casey Freeman, Anthony Loscalzo, Patrick Roseberry and Julio Samaniego ("Claimants").

The Appeal reasserts the following claims first set forth in the Claim:

1) breach of duties of loyalty and prudence for disloyal monitoring of Plan investments under 29 U.S.C. §§ 1132(a)(2) and (3) ("Claim 1");[1]
2) breach of the duties of loyalty and prudence for imprudent and disloyal monitoring of plan service providers under 29 U.S.C. §§ 1132(a)(2) and (3) ("Claim 2");
3) breach of duties of loyalty and prudence for disloyal monitoring of plan fiduciaries under §§ 1132(a)(2) and (3) ("Claim 3");
4) failing to remedy breach of predecessor fiduciaries – failing to take adequate steps to remedy their predecessors' breaches in selecting the funds referenced in the first claim ("Claim 4"); and

---

[1] Specifically: Alger Mid Cap Growth Institutional I; American Funds Capital World Gr&Inc R4; American Funds EuroPacific Growth R4; American Funds Growth Fund of Amer R4; Franklin Growth Adv; Goldman Sachs Mid Cap Value A; Hartford MidCap Y; Metropolitan West Total Return Bd Plan; Morgan Stanley Inst Discovery I; Oakmark Equity and Income Investor; T. Rowe Price New Horizons; Victory Diversified Stock A; Victory Sycamore Established Value A; Victory Sycamore Small Company Opp I (collectively, the "Funds").

      5) violation of 29 U.S.C. § 1106 with regard to prohibited transactions between the plan and party in interest – the Plans used conflicted service providers which recommended investments that were detrimental to the Plans and trusts and harmed participants ("Claim 5," collectively with Claims 1 through 4, the "Claims").

As to Claim 4, the Appeal names Paul E. Northen, John Wilson, Jerry Gahlhoff, James Benton, and A. Keith Payne as the specific fiduciaries alleged to have breached their duties by failing to remedy the breaches of their predecessors.[2] Apart from specifying these individuals, the Appeal alleges no additional facts to substantiate the Claim. The Appeal states that the Committee's determination as to each claim is appealed but identifies no error in the Committee's reasoning or conclusions. The Appeal requests the materials upon which the Committee relied in making its determinations. These materials were sent to you by Mr. Brockman on March 19, 2021.

In the Denial letter, you were invited to provide any documents or records that support the Appeal. No such documents or records were received.

The Committee reviewed the Appeal pursuant to its duties under ERISA and the terms of the Plan. In reviewing the Appeal, we considered how the points raised in the Appeal implicate the following: (1) the Committee's overall structure and its process for monitoring and selecting investments and service providers; (2) the substantive review of investment performance and selection; (3) the substantive review of service provider fees; (4) the monitoring of Plan fiduciaries; (5) whether any decisions resulted in the Plan participating in conduct that violated ERISA's prohibited transaction rules; and (6) the investment selections of the individual plan participants making the Claim. In undertaking this analysis, we reviewed the Plan's governing documents, the Plan's ERISA §§ 404(a)(5) and 408(b)(2) disclosures, the Committee meeting materials and minutes, the Committee's Investment Policy Statement, and the Plan's annual Form 5500s.

As stated above, the sole point raised by the Appeal is the naming of the specific fiduciaries alleged to have breached their fiduciary duties by failing to remedy the alleged imprudent fund selections of their predecessors. As you state in the Appeal, Claim 4's assertion that the fiduciaries failed to remedy the breaches of their predecessors depends on the existence of such breaches, which are asserted in Claim 1.

The Committee's determination in the Denial as to Claims 1 and 4 is set forth in full as follows:

> In Claims 1 and 4, the Claim asserts that Plan fiduciaries breached their duties by selecting and retaining the Funds. Based upon our review of the meeting minutes pertaining to the selection and retention of the Funds as

---

[2] The Appeal names these individual fiduciaries "[a]s to claim 3," but the Committee assumes that the individuals are in fact named as to Claim 4, which sets forth the claim asserting the failure to remedy the breaches of predecessors.

> well as the Plan's public disclosures reporting the Funds' performance as compared to Funds' respective benchmarks, the Committee found that the Funds performed well against their respective benchmarks and were selected appropriately based on their performance and management in accordance with established guidelines and the advice of an independent employee benefits advisor. After their initial selection, the funds were monitored on a regular basis and in accordance with the established guidelines and the advice of an independent employee benefits advisor. Finding no support for Claims 1 and 4, we deny them.

The above analysis and determination is unchanged by the Appeal naming the specific fiduciaries whose breach is asserted in Claim 4. In the Committee's Denial determination, we found that the Funds "performed well" and "were selected appropriately[.]" On the basis of that finding, we denied Claim 1 as well as Claim 4, which depended on Claim 1. The Appeal asserts no additional facts that would substantiate Claim 1 and does not identify error in the Committee's reasoning or conclusions in making our determination as to Claim 1. As the Committee's determination as to Claim 1 is undisturbed by any point raised in the Appeal, and Claim 4 depends on the breach alleged in Claim 1, our determination as to Claim 4 is necessarily affirmed as well.

The Committee's determinations as to Claims 2, 3, and 5 are unchallenged by any point raised in the Appeal. Therefore, the Committee sets forth and adopts in full the reasoning, conclusions, and determinations of the Denial as to Claims 2, 3, and 5:

> In Claim 2, the Claim asserts that the Plan fiduciaries breached their duties by failing to properly monitor plan service providers. To consider this claim, the Committee reviewed the meeting minutes to determine whether and at what times service provider fees were considered. We also reviewed historical recordkeeper fees and services in connection with the Plan. Based on this record, we found that service providers were selected prudently with the help of an independent employee benefits advisor and that efforts were made to maintain reasonable costs while maintaining quality services for the Plan and its participants, again with the help of an independent employee benefits advisor. Based on these findings, we deny Claim 2.
>
> In Claim 3, the Claim asserts that the Plan fiduciaries failed to monitor other fiduciaries. The Claim identifies neither the improperly monitored fiduciaries nor the fiduciaries who failed to monitor other fiduciaries. For purposes of assessing Claim 3, the Committee assumed that the failure to monitor stems from the other fiduciary breaches alleged in Claims 1, 2, and 4. Because we found no support for Claims 1, 2, and 4, we find that no support for Claim 3 exists and we deny Claim 3.
>
> Claim 5 derives from Claims 1 and 2 and asserts that the Plan used conflicted service providers (Claim 2) which recommended investments

that were detrimental to the Plan (Claim 1). We found no support for Claims 1 and 2 and no evidence of any conflicted decisions and, therefore, deny Claim 5.

As outlined above, because we have found no evidence supporting any of Claims 1 through 5, we deny Claims 1 through 5 in their entirety.

Please be advised that this letter sets forth and provides written notice to the Claimants of the Committee's final decision ("Decision") that each claim set forth in the Claim is denied. As required by Plan Section 11.7(c), the Committee has explained the reasons for our Decision both in this letter and in the unchallenged and undisturbed portions of the Denial, which portions are adopted herein. This Decision ends the Plan's administrative claims process as to the claims set forth in the Claim, and Claimants have the right to pursue those claims in an action in federal court under ERISA Section 502(a). Please be advised that the time to bring such an action is limited by Plan Section 11.7(a), which states in pertinent part that "upon denial of an appeal of any claim pursuant to subsection (c) hereof, a claimant will have 1 year within which to bring suit against the Plan for any claim related to such denied appeal; any such suit initiated after such 1-year period will be precluded."

Any claims other than those set forth in the Claim and denied by this Decision must be submitted to the Committee in a new administrative claims process in accordance with the procedures set forth in Plan Section 11.7(b).

Sincerely,

Eddie Northen
Chairman of the Rollins, Inc. Administrative Committee

cc: Michael E. Johnson, Rollins, Inc. Assistant General Counsel (via email mjohnso3@rollins.com)

cc: W. Bard Brockman, Bryan Cave Leighton Paisner LLP (via email bard.brockman@bclplaw.com)