## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **MARCIA G. FLEMING, CASEY FREEMAN, DAVID GUYON, ANTHONY LOSCALZO, PATRICK ROSEBERRY, and JULIO SAMANIEGO individually, on behalf of the Rollins, Inc. 401(k) Savings Plan and on behalf of all similarly situated participants and beneficiaries of the Plan,**<br><br>        **Plaintiffs,**<br><br>**v.**<br><br>**ROLLINS, INC.; THE ADMINISTRATIVE COMMITTEE OF THE ROLLINS, INC. 401(k) SAVINGS PLAN; BOTH INDIVIDUALLY AND AS THE *DE FACTO* INVESTMENT COMMITTEE OF THE ROLLINS, INC. 401(K) SAVINGS PLAN; EMPOWER RETIREMENT, LLC F/K/A PRUDENTIAL INSURANCE AND ANNUITY COMPANY; PRUDENTIAL BANK & TRUST, FBS, AS DIRECTED TRUSTEE OF THE ROLLINS, INC. 401(K) PLAN TRUST; ALLIANT INSURANCE SERVICES, INC.; ALLIANT RETIREMENT SERVICES, LLC; LPL FINANCIAL LLC; PAUL E. NORTHEN, JOHN WILSON, JERRY GAHLHOFF, JAMES BENTON and A. KEITH PAYNE in their capacities as members of the Administrative Committee; and John and Jane Does 1-10,**<br><br>        **Defendants.** | **Civil Action File No.  1:21-cv-05343-ELR**<br><br><br>**STIPULATION AND AGREEMENT OF SETTLEMENT** |

This Stipulation and Agreement of Settlement, dated November ___, 2023 is entered into between Plaintiffs, on behalf of themselves, all Class Members, and the Rollins Plan (all as defined herein) on the one hand, and Rollins, Inc. ("Rollins") on the other.

## ARTICLE I
## RECITALS

**1.1**    Rollins sponsors a defined contribution 401(k) plan known as The Rollins, Inc. 401(k) Savings Plan (the "Rollins Plan"). Prior to November 1, 2022, Rollins (through its subsidiaries Western Industries-North and Waltham Services, LLC, respectively) also sponsored the Western Industries Retirement Savings Plan ("Western Plan") and Waltham Services, LLC Tax-Favored Employees' Savings Plan ("Waltham Plan"). Effective November 1, 2022, the Western Plan and Waltham Plan were merged into the Rollins Plan.

**1.2**    On December 12, 2019, Marcia Fleming, a participant in the Rollins Plan, filed a civil action styled *Fleming v. Rollins, Inc., et al.,* No. 19-cv-05732 (the "First Action") in the United States District Court for the Northern District of Georgia (the "Court"). Fleming brought her claims individually and on behalf of a class of participants and beneficiaries of the Rollins Plan and Western Plan. Fleming's complaint, as amended, asserted various claims against Rollins, its subsidiary Western Industries-North, the "Administrative Committee" and "Investment Committee" of each of the Rollins Plan and Western Plan, and certain individuals who allegedly served on the Administrative Committees and Investment Committees of the Rollins and Western Plans (collectively, the "Rollins Defendants") and/or in administrative roles relating to the Rollins and Western Plans. Fleming's complaint in the First Action alleged that the Rollins Defendants breached fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA") and/or violated ERISA's provisions relating to prohibited

transactions, and sought an award of money damages for Plaintiffs, the Rollins and Western Plans and a putative class of Rollins and Western Plan participants.  It also sought declaratory and injunctive relief and an award of attorneys' fees and litigation costs.

1.3     The Rollins Defendants moved to dismiss the amended complaint in the First Action on July 10, 2020.  On November 23, 2020, the Court granted the motion to dismiss without prejudice and terminated the First Action.  The Court's dismissal was based on Fleming's failure to exhaust administrative remedies prior to filing suit.

1.4     On December 10, 2020, Fleming, together with David Guyon, Casey Freeman, Anthony Loscalzo, Patrick Roseberry and Julio Samaniego (collectively, "Plaintiffs") submitted certain claims for administrative review (the "Administrative Claims") to the Rollins Plan's Administrative Committee.  In the Administrative Claims, Plaintiffs alleged that each of them were participants in the Rollins Plan and that they were harmed by breaches of fiduciary duty by the Rollins Plan's fiduciaries.  The specific allegations in the Administrative Claims were substantially similar to those presented in the amended complaint in the First Action.

1.5     The Rollins Plan's Administrative Committee denied the Administrative Claims in their entirety and notified Plaintiffs of the denial on March 1, 2021.  Pursuant to the Rollins Plan's appeal process, Plaintiffs submitted an appeal (the "Administrative Appeal") to the Rollins Plan's Administrative Committee on March 9, 2021.

1.6     The Rollins Plan's Administrative Committee denied the Administrative Appeal in its entirety and notified Plaintiffs of the denial on May 6, 2021.  During the course of the Administrative Claims and Administrative Appeal, Rollins produced approximately 1,300 pages of documents pertaining to the administration of the Rollins, Western and Waltham Plans.

**1.7**     On December 30, 2021, Plaintiffs filed a new civil action styled *Fleming et al. v. Rollins, Inc. et al.,* No. 21-cv-05343, in the Court (the "Current Action").  Each of the Plaintiffs brought their claims individually and on behalf of a class of participants in the Rollins Plan.  Plaintiffs' complaint in the Current Action, as amended, asserted various claims against the Rollins Defendants (except for Western Industries-North and the Western Plan's administrative and investment committees), along with Empower Retirement, LLC f/k/a Prudential Insurance and Annuity Company; Prudential Bank & Trust, FBS; Alliant Insurance Services, Inc.; Alliant Retirement Services, LLC; and LPL Financial LLC.  Plaintiffs' complaint alleged that the Defendants breached fiduciary duties under ERISA and/or violated ERISA's provisions relating to prohibited transactions, and sought an award of money damages for Plaintiffs, the Rollins Plan and a putative class of Rollins Plan participants.  It also sought declaratory and injunctive relief and an award of attorneys' fees and litigation costs.

**1.8**     Each of the Defendants filed motions to dismiss the amended complaint in the Current Action.  On January 30, 2023, the Court granted the motion to dismiss filed by LPL Financial, Inc., partially granted the motion to dismiss filed by Alliant Insurance Services, Inc. and Alliant Retirement Services, LLC, partially granted the motion to dismiss filed by Prudential Insurance and Annuity Company, and denied the motions to dismiss in all other respects.

**1.9**     Following the Court's decision on the motions to dismiss, Class Counsel (as defined herein) and Rollins agreed to participate in mediation.  In connection with those discussions, Rollins supplemented its prior production from the Administrative Claim and Administrative Appeal.  In its supplemental production, Rollins produced approximately 5,000 pages of documents relating to the administration of the Rollins, Western and Waltham Plans.

**1.10**    On August 3, 2023, Plaintiffs and Rollins and their respective counsel participated in a videoconference mediation with Robert Meyer, Esq. of JAMS.  Plaintiffs and Rollins made progress towards a potential settlement and agreed to continue discussions through Mr. Meyer.  After further extensive arm's length negotiations, Plaintiffs and Rollins reached a settlement on August 31, 2023.  The terms of the settlement are memorialized in this Settlement Agreement.

**1.11**    Plaintiffs and Class Counsel consider it desirable and in the best interest of the Class (as defined herein) that the claims against the Defendant Released Parties (as defined herein) be settled by Plaintiffs, on behalf of themselves and on behalf of all Class Members (as defined herein) and the Rollins Plan, upon the terms set forth below, and they have concluded that such terms are fair, reasonable, and adequate and that the Settlement will result in significant benefits to the Class.

**1.12**    Rollins and the Defendant Released Parties (as defined herein) expressly have denied, and continue to deny, that they have breached any duty under ERISA or committed any act or omission giving rise to any liability.  Rollins and the Defendant Released Parties also have denied, and continue to deny, that Plaintiffs or any Class Member was harmed by the conduct alleged in the First Action, Current Action, Administrative Claim or Administrative Appeal (collectively, the "Actions") or that could have been alleged as part of the Actions.  This Settlement Agreement, and the discussions preceding it, shall in no event constitute, be construed as, or be deemed evidence of, an admission or concession of fault or liability of any kind by Rollins and the Defendant Released Parties.

**1.13**    To avoid the costs, risks and uncertainty of litigation, and after consulting with counsel and considering the facts and applicable law, Plaintiffs and Rollins wish to fully and

finally resolve this Action upon the terms and conditions set forth in this Settlement Agreement.

**1.14**    Rollins and Plaintiffs, on behalf of themselves and on behalf of all Class Members and the Plan, in consideration of the promises, covenants, and agreements herein described, acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree to the terms of this Settlement Agreement.

## ARTICLE II
## DEFINITIONS

**2.1**    "Actions" has the meaning ascribed to it in Paragraph 1.12.

**2.2**    "Active Account" means a Class Member's individual account in the Rollins Plan that has not been closed and has a positive balance as of September 30, 2023.

**2.3**    "Administrative Expenses" means expenses incurred in the administration of this Settlement Agreement, including: (a) all fees, expenses, and costs associated with the production, publication and dissemination of the Class Notice; (b) all Taxes and Tax-Related Costs as described in Article IV; (c) all expenses and costs associated with calculating and distributing funds pursuant to the Plan of Allocation (except any expenses or costs of the Plan's Recordkeeper); and (d) all fees and expenses of the Settlement Administrator and Escrow Agent. Excluded from Administrative Expenses are: Rollins' internal expenses (such as the cost of providing CAFA notices,  Rollins' legal expenses and Rollins' share of the mediation fee) and Plaintiffs' and Class Counsel's internal expenses in excess of any amount of Attorneys' Fees and Costs awarded by the Court.

**2.4**     "Alternate Payee" means a person other than a Participant, Former Participant, or Beneficiary, who is entitled to receive a benefit under the Rollins Plan as a result of a valid

QDRO, where the QDRO relates to a participant's balance in the Rollins Plan during the Class Period.

**2.5** "Attorneys' Fees and Costs" means any and all attorneys' fees, costs (including fees and costs charged or incurred by retained experts or consultants), and expenses of Class Counsel for their past, present, and future work, efforts, and expenditures in connection with the Actions and Settlement.

**2.6** **[RESERVED]**

**2.7** "Beneficiary" means a person who is entitled to receive a benefit under the Rollins Plan, as determined by the Plan Administrator on or before September 30, 2023, that is derivative of a deceased Participant's or Former Participant's interest in the Plan, other than an Alternate Payee.  A Beneficiary includes, but is not limited to, a surviving spouse, child, parent, domestic partner, estate or other individual or trust designated by the Participant or Former Participant or determined under the terms of the Rollins Plan to be entitled to a benefit.

**2.8** "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332, 1453, 1711-15.

**2.9** "Class" or "Settlement Class" means a class to be certified under Fed. R. Civ. P. 23(b)(1) and/or (b)(2) for settlement purposes only, consisting of all Participants in and Beneficiaries of the Rollins Plan (including, prior to November 1, 2022, the Western Plan and Waltham Plan) at any time during the Class Period, including any beneficiary of a deceased person who was a participant at any time during the Class Period, and any Alternate Payees, in the case of a person subject to a QDRO who was a participant at any time during the Class Period.  The Class shall exclude those individuals who served as voting members of the Plans'

administrative and/or investment committee during the Class Period.

**2.10**    "Class Counsel" means The Sharman Law Firm LLC; Bailey Glasser, LLP; and The Pels Law Firm, LLC.

**2.11**    "Class Members" means all individuals in the Class, including the Class Representatives.

**2.12**    "Class Notice" means the notice of the Settlement to the Class Members in substantially the form of Exhibit 4, to be provided pursuant to the Preliminary Approval Order in the manner and form approved by the Court and in compliance with Rule 23 of the Federal Rules of Civil Procedure.

**2.13**    "Class Period" means the period from December 30, 2015 through September 30, 2023.

**2.14**    "Class Representatives" and "Plaintiffs" mean Marcia Fleming, David Guyon, Casey Freeman, Anthony Loscalzo, Patrick Roseberry and Julio Samaniego.

**2.15**    "Complaint" refers to any or all of (i) the Class Action Complaint and First Amended Class Action Complaint in the First Action; (ii) the December 10, 2020 claim letter in the Administrative Action, (iii) the March 9, 2021 appeal letter in the Administrative Appeal, and (iv) the Class Action Complaint and Amended Class Action Complaint filed in the Current Action.

**2.16**    "Court" means the United States District Court for the Northern District of Georgia.

**2.17**    "Current Action" has the meaning ascribed to it in Paragraph 1.7.

**2.18**    "Current Participant" means a Class Member who has an Active Account in the

Rollins Plan as of September 30, 2023.

**2.19** "Defendants" mean the named defendants to the Current Action.

**2.20** "Defendant Released Parties" has the meaning ascribed to it in Paragraph 2.42.1.

**2.21** "Effective Date" means the first date on which the Final Approval Order and Judgment has become Final.

**2.22** "ERISA" means the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, as amended, including all regulations promulgated thereunder.

**2.23** "Escrow Agent" means the entity agreed to by Plaintiffs and Rollins to act as escrow agent for any portion of the Settlement Amount deposited in or accruing in the Settlement Fund pursuant to this Agreement.

**2.24** "Fairness Hearing" means the hearing to be held before the Court to consider (a) any objections from Class Members to the Settlement Agreement; (b) Class Counsel's request for an award of Attorneys' Fees and Costs; and (c) whether to finally certify the Class and approve the Settlement Agreement pursuant to Federal Rule of Civil Procedure 23.

**2.25** "Final" shall mean, with respect to any judicial ruling, judgment, or order, that the ruling, judgment, or order remains in effect and that the period for any appeals, petitions, motions for reconsideration, rehearing, or certiorari, or any other proceedings for review ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that there has occurred a full and final disposition of any such Review Proceeding without a reversal or modification, including the exhaustion of proceedings in any remand and/or subsequent appeal after remand. Notwithstanding any other provision hereof, the Final Approval Order and Judgment shall be deemed Final without regard

to whether: (i) the Court has entered an order regarding the Plan of Allocation or the award of Attorneys' Fees and Costs; (ii) any order referred to in (i) has become final; or (iii) any order referred to in (i) is reversed or modified on appeal.

**2.26** "Final Approval Order and Judgment" means the order entered by the Court finally approving the Settlement Agreement, implementing the terms of the Settlement Agreement, and dismissing the Current Action with prejudice, substantially in the form of the attached Exhibit 2.

**2.27** "Former Participant" means a Participant during the Class Period who does not have an Active Account in the Rollins Plan as of September 30, 2023.

**2.28** "Gross Settlement Amount" shall have the meaning given to it in Section 4.2.

**2.29** "Independent Fiduciary" means the person or entity selected by Rollins to serve as an independent fiduciary to the Rollins Plan with respect to the Agreement as set forth in Section 3.1.

**2.30** "Independent Fiduciary Fees and Costs" means all reasonable fees, costs and expenses of the Independent Fiduciary.

**2.31** "Net Settlement Amount" means the Gross Settlement Amount minus (a) any Attorneys' Fees and Costs awarded by the Court to Class Counsel; (b) all Administrative Expenses; and (c) Independent Fiduciary Fees and Costs.

**2.32** "Participant" means an individual who has or had an individual account in the Rollins Plan (including, before November 1, 2022, the Western Plan and Waltham Plan) at any time during the Class Period.

**2.33** "Parties" mean Plaintiffs and Rollins.

**2.34**    "Plan Administrator" means Rollins and its designee(s).

**2.35**    "Plan of Allocation" means the document setting forth the methodology for allocating and distributing the Net Settlement Amount, substantially in the form of Exhibit 3.

**2.36**    "Plan Recordkeeper" means the entity that maintains electronic records of the Rollins Plan's Participants and Former Participants and their individual accounts.

**2.37**    "Preliminary Approval Motion" shall refer to the motion seeking preliminary certification of the Class and preliminary approval of the Settlement Agreement, to be filed pursuant to Section 3.3.

**2.38**    "Preliminary Approval Order" means the order entered by the Court preliminarily approving the Settlement Agreement, pursuant to Section 3.3, substantially in the form of Exhibit 1.

**2.39**    "QDRO" means, for the purposes of this Agreement, a valid Qualified Domestic Relations Order as defined in 29 U.S.C. § 1056(d)(3)(K), and as determined by the Plan Administrator on or before the date of the Preliminary Approval Order.

**2.40**    "Qualified Settlement Fund" means the interest-bearing settlement fund account to be established and maintained by the Settlement Administrator with the Escrow Agent pursuant to Article 4 herein and intended to qualify as a "qualified settlement fund" within the meaning of Section 468B of the Internal Revenue Code and Treas. Reg. § 1.468B-1.

**2.41**    "Released Claims" means Plaintiff Released Claims and Defendant Released Claims as further defined below:

**2.41.1**  "Defendant Released Claims" means any and all actual or potential claims (including any Unknown Claims), actions, causes of action, demands, obligations, or liabilities

(including claims for attorney's fees, expenses, or costs), whether arising under federal, state, or local law, whether by statute, contract, tort or equity or otherwise, whether brought in an individual or representative capacity, whether known or unknown, suspected or unsuspected, for monetary, injunctive, and any other relief against the Defendant Released Parties through the date the Court enters the Final Approval Order and Judgment:

(a) that were asserted in any of the Actions or that could have been asserted in any of the Actions and arise out of the conduct alleged in the Complaint;

(b) that arise out of, relate to, are based on, or have any connection with: (1) the selection, retention, performance, and monitoring of the Plans' actual or potential investment options during the Class Period; (2) the performance, costs, fees, and other characteristics of the Plans' investment options during the Class Period, including any revenue sharing paid by any such investment options or used to pay service provider fees; (3) the Plans' fees and expenses during the Class Period, including without limitation its recordkeeping and other service provider fees; (4) the selection, retention, competence, performance, and monitoring of the Plans' service providers during the Class Period; (5) the selection, retention, performance, and monitoring of the Plans' asset allocation service during the Class Period; (6) the Plans' disclosures or disclosure obligations during the Class Period; or (7) the nomination, appointment, retention, monitoring, and removal of the Plans' fiduciaries during the Class Period;

(c) that would be barred by *res judicata* based on entry of the Final Approval Order and Judgment;

(d) that relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Net Settlement Amount pursuant to the Plan of Allocation;

(e) that relate to the approval by the Independent Fiduciary of the Settlement Agreement, unless brought against the Independent Fiduciary alone.

**2.41.2** "Plaintiff Released Claims" means any and all actual or potential claims (including Unknown Claims), actions, causes of action, demands, obligations, or liabilities (including claims for attorney's fees, expenses, or costs), whether arising under federal, state, or local law, whether by statute, contract, tort or equity or otherwise, whether brought in an individual or representative capacity, whether known or unknown, suspected or unsuspected, for monetary, injunctive, and any other relief against the Plaintiff Released Parties through the date the Court enters the Final Approval Order and Judgment, relating to Plaintiffs' pursuit of the Actions.

**2.42**    "Released Parties" means Defendant Released Parties and Plaintiff Released Parties as further defined below:

**2.42.1**  "Defendant Released Parties" means (i) the Rollins Defendants (and, where applicable, their past, present and future affiliates, subsidiaries, predecessors, successors, successors-in-interest, assigns, insurers, co-insurers, reinsurers, directors, officers, benefit plan administrative and investment committee members, managers, employees, agents, independent contractors, subcontractors, representatives, attorneys, consultants, accountants, auditors, advisors, personal representatives, spouses, heirs, executors, associates and  immediate family members); (ii) Alliant Insurance Services, Inc. and Alliant Retirement Services, LLC and their respective affiliates, subsidiaries, predecessors, successors, successors-in-interest, assigns, insurers, co-insurers, reinsurers, directors, officers, managers, agents, independent contractors, subcontractors, representatives, attorneys, consultants, accountants, auditors and advisors, and

(iii) all persons acting under, by, through or in concert with any of the foregoing.  "Defendant Released Parties" does not include Empower Retirement, LLC f/k/a Prudential Insurance and Annuity Company, Prudential Bank & Trust, FBS, or the Independent Fiduciary.

**2.42.2**   "Plaintiff Released Parties" means Plaintiffs, Class Counsel and the Rollins Plan.

**2.43**   "Rollins' Counsel" means Bryan Cave Leighton Paisner LLP.

**2.44**   "Rollins Plan" has the meaning ascribed to it in Paragraph 1.1.  For avoidance of doubt, "Rollins Plan" shall include the Western Plan and Waltham Plan unless the context requires a different interpretation.

**2.45**   "Settlement Administrator" means KCC Class Action Services, LLC which Class Counsel has retained to perform the responsibilities assigned to the Settlement Administrator as set forth in this Settlement Agreement and in the Plan of Allocation.

**2.46**   "Settlement Agreement" means the compromise and settlement embodied in this document and its exhibits, including any modifications or amendments adopted pursuant to Section 10.7.

**2.47**   "Unknown Claims" means (i) any Defendant Released Claims that Plaintiffs or any Class Members do not know or suspect to exist in their favor at the time of the release of the Defendant Released Parties, including claims which, if known by them, might have affected their settlement with Rollins and release of the Defendant Released Parties, or might have affected their decision not to object to this Settlement and (ii) any Plaintiff Released Claims that Rollins does not know or suspect to exist in its favor at the time of the release of the Plaintiff Released Parties, including claims which, if known by Rollins, might have affected its settlement with

Plaintiffs and release of the Plaintiff Released Parties.  With respect to any and all Defendant

Released Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs,

individually, as Class Representatives and on behalf of the Plan, shall be deemed to have waived,

and by operation of the Final Approval Order and Judgment, shall have expressly waived, any

and all provisions, rights and benefits conferred by any law of any state or territory of the United

States, or principle of common law or foreign law, which is similar, comparable, or equivalent to

California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party
> does not know or suspect to exist in his or her favor at the time of executing the
> release and that, if known by him or her, would have materially affected his or her
> settlement with the debtor or released party.

The Parties acknowledge, and each of the other Class Members and each Released Party

shall be deemed by operation of law to have acknowledged, that the Released Claims in this

Settlement Agreement include Unknown Claims and that the foregoing waiver was separately

bargained for and a key element of the Settlement Agreement.

## ARTICLE III
## CONDITIONS TO SETTLEMENT

**3.1** *Approval by the Independent Fiduciary*.  The Independent Fiduciary shall

determine whether to approve and authorize the Settlement Agreement and the Released Claims

on behalf of the Plan, and shall have the following responsibilities in connection with that

determination:

**3.1.1**   The Independent Fiduciary shall comply with all relevant conditions set

forth in Prohibited Transaction Class Exemption 2003-39, "Release of Claims and

Extensions of Credit in Connection with Litigation," issued December 31, 2003,

by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended

("PTE 2003-39"), in making its determination.

**3.1.2**    The Independent Fiduciary shall:  (a) determine whether to approve the

Settlement Agreement on behalf of the Rollins Plan; (b) determine whether to

authorize the release of the Released Claims on behalf of the Rollins Plan; and (c)

either (i) authorize the Settlement Agreement in accordance with PTE 2003-39, or

(ii) find that the Settlement Agreement does not constitute a prohibited transaction

under ERISA Section 406, 29 U.S.C. § 1106, in each case in a written instrument

in a form acceptable to the Rollins Plan's fiduciaries in their sole discretion.

**3.1.3**    The Parties and their counsel shall fully cooperate in providing

information to the Independent Fiduciary, as requested.  The Parties shall in good

faith attempt to obviate any objection or concern with respect to the Settlement

Agreement raised by the Independent Fiduciary.

**3.1.4**    The Independent Fiduciary shall notify the Rollins Plan's fiduciaries of its

determination in writing and in accordance with PTE 2003-39, which notification

shall be delivered no later than thirty (30) calendar days before the Fairness

Hearing.  Rollins' Counsel shall provide Class Counsel with a copy of the

Independent Fiduciary's written determination within five (5) calendar days of

receipt.

**3.1.5**    Independent Fiduciary Fees and Costs shall be paid from the Gross

Settlement Amount as provided in Section 4.7.1.

**3.2**    ***CAFA Notice.***  Within ten (10) calendar days after the filing of the Preliminary

Approval Motion, Rollins shall comply with the notice requirements of CAFA.

     **3.3**    ***Preliminary Approval Motion.***  Promptly upon execution of the Settlement Agreement by all Parties, Plaintiffs will move for entry of a Preliminary Approval Order substantially in the form attached hereto as Exhibit A.  Such order shall, at a minimum, seek preliminary approval of the Settlement Agreement, authorize the dissemination of the Class Notice to the Class, and set a date for the Fairness Hearing which is no sooner than 120 calendar days after the date the Preliminary Approval Order is entered.  Rollins stipulates and agrees to the propriety of the aforementioned relief and may not oppose the motion insofar as it seeks such relief, but reserves the right to submit a filing relating to the motion.

     **3.4**    ***Class Certification Motion.***  In conjunction with his Preliminary Approval Motion, Plaintiffs shall move the Court for certification of the Class for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1).  Solely for purposes of the settlement embodied in this Settlement Agreement and for no other purpose, Rollins (on behalf of the Rollins Defendants) stipulates and agrees to: (a) certification of the Action as a class action pursuant to Federal Rules 23(a) and 23(b)(1); and (b) certification of Plaintiffs as Class Representatives for the Class pursuant to Federal Rule 23(g).  If the Court does not issue the Final Approval Order and Judgment, then no Class shall be deemed to have been certified by or as a result of this Agreement, Rollins shall not be deemed to have admitted the propriety of certification of the Class under any provision of Federal Rule of Civil Procedure 23, and the Current Action shall for all purposes revert to its status prior to the date of this Settlement Agreement.

     **3.5**    ***Class Notice.***  In accordance with the terms of the Preliminary Approval Order to

be entered by the Court, Class Counsel shall cause the Settlement Administrator to mail the Class

Notice to each Class Member.  The Class Notice shall be sent by first-class mail, postage

prepaid, to the last known address of each Class Member provided by the Plan Recordkeeper

through Rollins' Counsel, unless an updated address is obtained by the Settlement Administrator

through its efforts to verify the last known addresses provided by the Plan Recordkeeper.  The

Settlement Administrator shall use commercially reasonable efforts to locate any Class Member

whose Class Notice is returned and re-mail such documents one additional time.

     **3.6**     ***Final Approval.***  Plaintiffs, through Class Counsel, shall move the Court for final

approval of the Settlement Agreement no later than the deadline set by the Court in the

Preliminary Approval Order, or as may be extended by the Court.  On or after the date set by the

Court for the Fairness Hearing pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court

shall determine, among other things: (a) whether to enter the Final Approval Order and Judgment

finally certifying the Class and approving the Settlement Agreement; and (b) what, if any, award

of Attorneys' Fees and Expenses should be awarded to Class Counsel pursuant to Article VIII of

this Settlement Agreement.

## ARTICLE IV
## THE QUALIFIED SETTLEMENT FUND

     **4.1**     ***Establishment of the Qualified Settlement Fund.***  Class Counsel shall establish,

or shall cause the Settlement Administrator to establish, the Qualified Settlement Fund with the

Escrow Agent.  The Parties agree that the Qualified Settlement Fund is intended to be, and will

be, an interest-bearing "qualified settlement fund" within the meaning of Section 468B of the

Internal Revenue Code and Treas. Reg. § 1468B-1, and will be structured and administered to

preserve, to the maximum degree possible, the tax benefits associated with ERISA-qualified

plans.  The Parties shall not take a position in any filing or before any tax authority inconsistent

with such treatment.  The Qualified Settlement Fund shall be governed by this Settlement

Agreement.  Class Counsel shall provide to Rollins' Counsel: (i) written notification of the date

of establishment of the Qualified Settlement Fund; (ii) written notification of the following

information regarding the Escrow Agent and Qualified Settlement Fund:  the Escrow Agent's

name and address, any applicable ABA number, account number, account name, the applicable

IRS Form W-9 and taxpayer identification number, and any additional information needed for

Rollins to deposit the Gross Settlement Amount into the Qualified Settlement fund.

  **4.2**   ***Rollins' Payment Obligation.***  Within the later of (a) thirty (30) days of the entry

of the Preliminary Approval Order or (b) thirty-five (35) days after Rollins' receipt of the

notifications and information required in Section 4.1, Rollins shall cause its insurers to issue

payment by check in the amount of $225,000 into the Qualified Settlement Fund to allow for

payment of Administrative Expenses and Independent Fiduciary Expenses that may arise before

the Court's entry of the Final Approval Order and Judgment.  Within thirty (30) calendar days of

the Effective Date of the Settlement Agreement, Rollins shall cause its insurers to issue an

additional payment by check in the amount of $3,700,000 into the Qualified Settlement Fund.

The sum of these two payments, $3,925,000, shall constitute the "Gross Settlement Amount."

The Gross Settlement Amount shall be the full and sole monetary payment to the Settlement

Class, Plaintiffs, and Class Counsel made in connection with the Settlement effectuated through

this Settlement Agreement.  Defendant Released Parties and their insurers will make no

additional payment in connection with the Settlement of the Action.  In the event there is no

Final Approval Order and Judgment that becomes Final, then the Gross Settlement Amount, plus

any interest earned and less any Administrative Expenses and Independent Fiduciary Expenses already incurred, shall be returned to Rollins (or its insurers) pursuant to Section 9.3.

      **4.3**    *Rollins' Obligations Regarding Class Member Data.*  Rollins shall work with the Plan Recordkeeper to provide data regarding Class Members (including but not limited to contact information, including all necessary tax identification numbers, participation status during the Class Period, Beneficiary and Alternate Payee information (as applicable), and quarterly-ending account balances throughout the Class Period) to the Settlement Administrator and/or Class Counsel, as reasonably requested by the Settlement Administrator and/or Class Counsel, for purposes of administering the Plan of Allocation.  Rollins shall be responsible for any payments, costs, and fees incurred in providing the data described above.  Neither Defendant Released Parties nor their insurers shall be responsible for any payments, costs, fees or other charges in connection with any transfer(s) from the Qualified Settlement Fund into Active Accounts.

      **4.4.**    *No Additional Obligations.*  Defendant Released Parties shall not be responsible for any payments, costs or fees whatsoever under the Settlement Agreement except as expressly set forth in this Article.  The Gross Settlement Amount shall be the full and sole monetary contribution made by the Defendant Released Parties in connection with this Settlement Agreement.  Any award of Attorneys' Fees and Costs, any Administrative Expenses, and any other claim for expenses relating to the Action and the Settlement, shall be paid from the Gross Settlement Amount.  All taxes on the income of the Qualified Settlement Fund and tax-related expenses incurred in connection with the taxation of the Qualified Settlement Fund shall be the responsibility of Plaintiffs and Class Counsel and shall be paid out of the Qualified Settlement

Fund.

**4.5** *Administration of the Qualified Settlement Fund.*  Subject to Court approval and oversight, the Qualified Settlement Fund shall be controlled by the Settlement Administrator. The Settlement Administrator shall be the "administrator" of the Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3) and shall be solely responsible for filing tax returns for such account and paying from such account any Taxes owed with respect to the account.  The Settlement Administrator shall timely make such elections as necessary or advisable to carry out the provisions of this Article.  It shall be the responsibility of the Settlement Administrator to prepare and deliver, in a timely and proper manner, all necessary documentation for signature by all necessary parties, and thereafter to cause all appropriate filings to be timely made.  Neither Defendant Released Parties, Plaintiffs, or Class Counsel shall have any liability whatsoever for the acts and omissions of the Settlement Administrator.  The Settlement Administrator shall not disburse the Gross Settlement Amount or any portion of the Qualified Settlement Fund except as provided for in this Agreement, by an order of the Court, or with the prior written agreement of Class Counsel and Rollins' Counsel.

**4.5.1**   The Settlement Administrator is authorized to execute transactions on behalf of Class Members that are consistent with the terms of this Agreement and with orders of the Court.

**4.5.2**   All funds held in the Qualified Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until the funds are distributed in accordance with this Agreement.

**4.5.3**   The Settlement Administrator shall, to the extent practicable and prudent,

invest the Qualified Settlement Fund in discrete and identifiable instruments backed by the full faith and credit of the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  The Settlement Administrator shall maintain records identifying in detail each instrument in which the Qualified Settlement Fund or any portion thereof has been invested, and identifying the precise location (including any safe deposit box number) and form of holding of each such instrument.  Neither the Qualified Settlement Fund nor any portion thereof shall be commingled with any other monies in any instruments.  Any cash portion of the Qualified Settlement Fund not invested in instruments of the type described in the first sentence of this Section 4.5.3 shall be maintained by the Settlement Administrator, and not commingled with any other monies, in a bank account, which shall promptly be identified to the Parties at any Party's request by bank and account number and any other identifying information.  The Settlement Administrator and Class Members shall bear all risks related to investment of the Qualified Settlement Fund.  All income, gain, or loss earned by the investment of the Qualified Settlement Fund shall be credited to the account established by the Escrow Agent.

**4.5.4**    All taxes on the income of the Qualified Settlement Fund (for purposes of this Article, "Taxes") and expenses and costs incurred in connection with the taxation of such account (including expenses of tax attorneys and accountants) ("Tax-Related Costs") shall be timely paid by the Settlement Administrator out of

the Qualified Settlement Fund.

**4.5.5**   Beginning thirty (30) calendar days after the entry of the Preliminary Approval Order, and on every thirtieth (30th) calendar day thereafter, the Settlement Administrator shall provide the Parties with a detailed accounting of any Administrative Expenses expended to date.  Any disputes as to whether amounts billed by the Settlement Administrator are reasonable and necessary under this Agreement shall be resolved by the Court.

**4.6**   ***Plan of Allocation.***  Class Counsel shall propose to the Court a Plan of Allocation for approval in substantial conformity to the one attached as Exhibit 3, which shall provide the methodology for calculating, allocating and distributing the Net Settlement Amount.  The Rollins Defendants may not take any position on the Plan of Allocation, but Rollins (on behalf of the Rollins Defendants) reserves the right to review and comment on a draft of the Plan of Allocation prior to its presentation to the Court for approval.  Rollins' sole responsibility relating to the Plan of Allocation is to work with the Plan Recordkeeper to provide data regarding Class Members as described in this Article and facilitate payments to the Plan as required for distributions to Active Participants and the residual payment, if any.  Notwithstanding anything else in this Agreement, any revisions to the Plan of Allocation that would increase the Gross Settlement Amount or require any Defendant Released Party to incur additional expenses or costs or to provide data not reasonably available shall be deemed a material alteration of this Agreement and shall entitle Rollins, at its election, to terminate the Agreement.

**4.7**   ***Distributions to Class Members.***

**4.7.1**   Subject to Court approval and oversight, the Qualified Settlement Fund

shall be distributed as follows:  (a) first, to pay all Administrative Expenses, Taxes, Tax-Related Costs and Independent Fiduciary Fees and Costs; (b) second, to pay all Attorneys' Fees and Expenses approved by the Court; and (c) third, to make distributions to Class Members pursuant to the Plan of Allocation.  The portion of the Qualified Settlement Fund that remains after payment of the items listed in (a) and (b) of this subsection shall constitute the "Net Settlement Amount."  Within thirty (30) days after the Effective Date, the Settlement Administrator shall calculate and set aside a contingency reserve for unpaid and estimated future Administrative Expenses and estimated adjustments for data or calculation errors.

**4.7.2**   After the Effective Date, the Settlement Administrator shall cause the Net Settlement Amount to be allocated and distributed in accordance with the Plan of Allocation approved by the Court.  The Settlement Administrator shall bear sole responsibility for calculating the amounts distributable to Class Members pursuant to the Plan of Allocation.  To be eligible for a distribution from the Net Settlement Amount, a person must be a Current Participant, a Former Participant, a Beneficiary or an Alternate Payee.  The Settlement Administrator shall be solely responsible for attempting to locate missing Class Members, and neither Rollins, the Plan Administrator, nor the Plan Recordkeeper shall have any responsibility for locating missing Class Members.  For any Former Participant who is to receive a distribution in excess of $5,000.00, the Settlement Administrator will mail a Claim Form to the Former Participant, who must consent to the settlement

distribution by executing and returning the Claim Form to the Settlement Administrator to receive their distribution.

**4.7.3**   Class Members who receive a check from the Settlement Administrator under the Plan of Allocation must deposit or cash their checks within one hundred and eighty (180) calendar days of issuance.  Any check that is not cashed as of that time will be void, and the Settlement Administrator shall be instructed to return any such funds to the Qualified Settlement Fund.  This limitation shall be printed on the face of each check.  Notwithstanding these requirements, the Settlement Administrator shall have the authority to reissue checks to Class Members where it determines that there is good cause to do so, provided that doing so will not compromise the Settlement Administrator's ability to implement the Plan of Allocation.  The avoidance of checks shall have no effect on the Class Members' release of claims, obligations, representations, or warranties as provided herein, which shall remain in full effect.

**4.7.4**   Each Class Member who receives a payment under this Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person. Each Class Member shall hold Rollins, Rollins' Counsel, Defendant Released Parties, Class Counsel, and the Settlement Administrator harmless from (a) any tax liability, including, without limitation, penalties and interest, related in any way to payments or credits under the Agreement, and (b) the costs (including, without limitation, fees, costs and expenses of attorneys, tax advisors, and

experts) of any proceedings (including, without limitation, any investigation, response, and/or suit), related to such tax liability.

**4.7.5**   Any funds associated with checks that are not cashed within one hundred and eighty (180) calendar days of issuance and any funds that cannot be distributed to Class Members for any other reason, together with any interest earned on them, and any funds remaining after the payment of any applicable Taxes by the Escrow Agent, shall be returned to the Qualified Settlement Fund by the Settlement Administrator to be distributed as described in the Plan of Allocation.

**4.8**   ***Excess Funds Following Distribution.***   Any portion of the Net Settlement Amount that is remaining in the Qualified Settlement Fund after the payment of all items listed in subparts (a)-(c) of Section 4.7.1 and the completion of distributions to Class Members pursuant to the Plan of Allocation shall be paid to the Rollins Plan for the purpose of defraying administrative fees and expenses of the Rollins Plan not currently paid by Rollins.

## ARTICLE V
## RELEASES AND COVENANT NOT TO SUE

**5.1**   ***Release by Plaintiffs, Class Members and the Plan.***   As of the Effective Date, the Rollins Plan (subject to Independent Fiduciary approval as required by Section 3.1), Plaintiffs and all Class Members (and their respective beneficiaries, heirs, descendants, dependents, marital community, administrators, executors, representatives, predecessors, successors and assigns) fully, finally and forever release, settle, relinquish, waive and discharge the Defendant Released Parties from the Defendant Released Claims.  Plaintiffs, Class Members, Class Counsel and the Plan may hereafter discover facts in addition to or different from those that they know or

believe to be true with respect to the Defendant Released Claims.  Such facts, if known by them, might have affected the decision to settle with Rollins or the decision to release, relinquish, waive and discharge the Defendant Released Claims, or the decision of a Class Member not to object to the Settlement Agreement.  Notwithstanding the foregoing, each Class Member and the Rollins Plan shall expressly, upon the Effective Date, be deemed to have, and by operation of the Final Approval Order and Judgment, shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Defendant Released Claims (including Unknown Claims).  The Class Members and the Rollins Plan acknowledge and shall be deemed by operation of the Final Approval Order and Judgment to have acknowledged that the foregoing release was bargained for separately and is a key element of the settlement embodied in the Settlement Agreement.

5.2    ***Covenant Not To Sue by Plaintiffs, Class Members and the Plan.***  As of the Effective Date, Plaintiffs, all Class Members and the Rollins Plan are enjoined from instituting, maintaining, prosecuting or asserting any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Defendant Released Claims.  Nothing herein shall preclude any action to enforce the terms of this Settlement Agreement pursuant to the procedures set forth in this Settlement Agreement.  Should Plaintiffs or Class Members breach the terms of this Section 5.2, any adversely affected Defendant Released Party may recover its attorneys' fees and costs it may incur to enforce the provisions of this Section 5.2 following provision of notice and a reasonable opportunity for the breaching party to cure the breach.

5.3    ***Limited Release by Rollins.***  As of the Effective Date, Rollins shall fully, finally and forever release, settle, relinquish, waive and discharge, and shall forever be enjoined from

instituting, maintaining, prosecuting or asserting any Plaintiff Released Claims against the Plaintiff Released Parties.

### ARTICLE VI
### REPRESENTATIONS, WARRANTIES AND FURTHER AGREEMENTS

**6.1.** *Representations and Warranties by All Parties.* The Parties represent:

**6.1.1** That they are voluntarily entering into this Settlement Agreement as a result of arm's length negotiations, and that in executing this Settlement Agreement they are relying solely upon their own judgment, belief, and knowledge, and upon the advice and recommendations of their own counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof.

**6.1.2** That they assume the risk of mistake as to facts or law.

**6.1.3** That they recognize that additional evidence may come to light, but that they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement Agreement.

**6.1.4** That they have read carefully the contents of this Settlement Agreement, and this Settlement Agreement is signed freely by each individual executing the Settlement Agreement on behalf of each of the Parties.

**6.1.5** That they have made such investigation of the facts pertaining to the Settlement Agreement and all matters pertaining thereto, as they deem necessary.

**6.2.** *Representations by Signatories.* Each individual executing this Settlement Agreement on behalf of a settling party does hereby personally represent and warrant that he/she has the authority to execute this Settlement Agreement on behalf of, and fully bind, each

principal that each such individual represents or purports to represent.

**6.3.**   ***Additional Representations by Plaintiffs.***   Plaintiffs represent that they have not assigned or otherwise transferred any interest in any Defendant Released Claim against any Defendant Released Party, and that they shall not assign or otherwise transfer any interest in any Defendant Released Claim prior to the Effective Date.  Plaintiffs, on behalf of themselves and the Class, will have no surviving claims or causes of action against the Defendant Released Parties for the Defendant Released Claims, from and after the Effective Date.

## ARTICLE VII
## NO ADMISSION OF LIABILITY

The Parties understand and agree that this Settlement Agreement embodies a compromise settlement of disputed claims, and that nothing in this Agreement, including the furnishing of consideration for this Settlement Agreement, shall be deemed to constitute any finding or admission of any wrongdoing or liability by any of the Defendant Released Parties, or give rise to any inference of wrongdoing or liability in the Action or any other proceeding.  This Agreement and the consideration provided hereunder are made in compromise of disputed claims and are not admissions of any liability of any kind, whether legal or factual.  Rollins (on behalf of the Rollins Defendants) specifically denies any such liability or wrongdoing, and states that it is entering into the Agreement solely to eliminate the burden and expense of protracted litigation. Further, Plaintiffs have concluded that the terms of this Agreement are fair, reasonable, and adequate to the Rollins Plan, themselves, and the Class given, among other things, the inherent risks, difficulties, and delays in complex ERISA lawsuits.  Neither the fact of this Settlement nor the terms of this Settlement Agreement shall be used, offered, or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce this

Settlement Agreement, whether affirmatively or defensively.

## ARTICLE VIII
## ATTORNEYS' FEES AND EXPENSES

Class Counsel may file a motion for an award of Attorneys' Fees and Costs not to exceed 33 1/3 percent (or $1,308,333.00) of the Gross Settlement Amount, plus reasonable litigation expenses advanced and carried by Class Counsel for the duration of the Current Action.  Such motion shall be filed no later than thirty (30) days before the deadline set in the Preliminary Approval Order for objections to the Settlement.  Any amount awarded by the Court in response to such motion shall be paid by the Settlement Administrator solely out of the Gross Settlement Amount and shall (if approved by the Court) be deducted from the Qualified Settlement Fund prior to the distribution of the Net Settlement Amount to the Class Members.  The procedure for the allowance or disallowance by the Court of any award of Attorneys' Fees and Costs shall be considered by the Court separately from its consideration of the fairness, reasonableness, and adequacy of the Settlement, or any appeal of any order relating thereto, and shall not operate to terminate or cancel this Agreement or be deemed material thereto.

## ARTICLE IX
## TERMINATION OF THE SETTLEMENT AGREEMENT

**9.1**     ***Grounds for Automatic Termination.***  The Settlement Agreement shall automatically terminate, and thereby become null and void with no further force or effect if:

      **9.1.1**    Pursuant to Section 3.1, the Independent Fiduciary does not approve the Rollins Plan's release of Released Claims or the Settlement Agreement, or the Rollins Plan's fiduciaries reasonably conclude that the Independent Fiduciary's approval does not meet the requirements of PTE 2003-39; and (b) the Parties do

not mutually agree to modify the terms of this Settlement Agreement to facilitate an approval by the Independent Fiduciary that would satisfy the requirements of PTE 2003-39.

**9.1.2**    The Preliminary Approval Order and the Final Approval Order are not entered by the Court in substantially the form submitted by the Parties or in a form which is otherwise agreed to by the Parties.

**9.1.3**    The Class is not certified pursuant to Fed. R. Civ. P. 23(b)(1) and/or (b)(2) as defined herein or in a manner which is otherwise agreed to by the Parties.

**9.1.4**    The Settlement Agreement is disapproved by the Court or the Final Approval Order is reversed, vacated or modified on appeal or for any other reason fails to become Final, and the Parties do not agree to modify the terms of the Settlement to facilitate a final approval order that becomes Final.

**9.2**    *Parties' Obligation to Confer.*  If the Preliminary Approval Order is not entered by the Court in substantially the form submitted by the Parties, the Parties will confer in good faith in an effort to reach agreement on modifying the Settlement Agreement and/or filing an amended motion to obtain preliminary approval.

**9.3**    *Effect of Termination.*  If the Settlement Agreement is terminated, deemed null and void, or has no further force or effect, then, (a) the Current Action shall revert to its status as of the date of this Settlement Agreement as though the Parties never executed the Settlement Agreement; (b) no Released Claims shall be deemed to have been released by virtue of the existence of this Settlement Agreement; (c) all funds deposited in the Qualified Settlement Fund and any interest earned thereon, less Administrative Expenses incurred prior to termination, shall

be returned to Rollins (or its insurance carrier) within thirty (30) calendar days after the

Settlement Agreement is finally terminated or deemed null and void; and (d) the certification of

the Class shall be vacated and the Current Action shall proceed as if the Class had never been

certified.

      9.4    ***Effect of Denial or Partial Denial of Request for Attorneys' Fees and Costs.***  It

shall not be deemed a failure to approve the Settlement Agreement or a ground for termination if

the Court denies, in whole or in part, Class Counsel's request for Attorneys' Fees and Costs.

      9.5    ***Survival.***  This Article IX shall survive any termination of the Settlement

Agreement, as will Sections 4.1, 4.5 (including its subparts), 4.7.4 and 4.7.5.

**ARTICLE X**

**GENERAL PROVISIONS**

      10.1    ***Governing Law.***  This Settlement Agreement shall be governed by the laws of the

United States of America, to the extent applicable, and otherwise in accordance with the internal

laws (as opposed to the conflicts of law provisions) of the State of Georgia relating to contract

made and to be performed in Georgia.

      10.2    ***Dispute Resolution.***  Any controversies or disputes relating to compliance with

this Settlement Agreement, with the exception of any and all controversies or disputes

concerning compliance with Article V of this Settlement Agreement, shall be resolved as

follows:

            10.2.1  The Party raising the dispute shall first promptly give written notice under

the Settlement Agreement to the other Party, including in such notice (a) a

reference to all specific provisions of the Settlement Agreement that are involved;

(b) a description of the alleged non-compliance; (c) a description of the remedial action sought; and (d) a concise statement of the facts, circumstances, and arguments supporting the position of the party raising the dispute.

**10.2.2**  Within twenty (20) calendar days after receiving the notice described in Section 10.2.1, the receiving party shall respond in writing with its position and any facts, circumstances and arguments supporting its position.

**10.2.3**  For a period of not more than twenty (20) calendar days of delivery of the response described in Section 10.2.2, the Parties shall undertake good-faith negotiations to attempt to resolve the dispute.

**10.2.4**  If the dispute is not resolved during the period described in Section 10.2.3, the Parties shall mediate the dispute with a mutually agreed mediator on the earliest reasonably practicable date; provided, however, that the scope of such mediation shall be expressly limited to the dispute set forth in the initial notice and response.  The Parties shall share the cost for engaging said mediator.

**10.2.5**  Within thirty (30) calendar days after the conclusion of the mediator's attempt to resolve the dispute (which date shall be determined in writing by agreement of the Settling Parties or by the mediator), if the dispute persists, any Party may request that the Court resolve the dispute.

**10.2.6**  The Parties will attempt to resolve any disputes quickly, expeditiously, inexpensively and in good faith.

**10.2.7**   In connection with any disputes concerning compliance with the Settlement Agreement (except for any disputes concerning compliance with

Article V of the Settlement Agreement), each Party shall bear its own fees and costs unless the Court orders otherwise.

**10.3**     *Jurisdiction of the Court.*   The Court shall have personal jurisdiction over the Parties and shall maintain that jurisdiction for purposes of resolving any disputes concerning compliance with the Settlement Agreement.

**10.4**     *Counterparts.*   This Settlement Agreement may be executed by exchange of executed signature pages, and any signature transmitted by facsimile or electronic means shall be deemed an original signature for purposes of this Settlement Agreement.   The Settlement Agreement may be executed in any number of counterparts, and each of such counterparts shall for all purposes be deemed an original, and all such counterparts shall together constitute the same instrument.

**10.5**     *Advice of Counsel.*   The Parties hereby acknowledge that they have consulted with and obtained the advice of counsel prior to executing this Settlement Agreement.

**10.6**     *Headings.*   Any headings included in this Settlement Agreement are for convenience only and do not in any way limit, alter, or affect the matters contained in this Settlement Agreement or the Articles or Sections they caption.   References to a person are also to the person's permitted successors and assigns, except as otherwise provided herein. Whenever the words "include," "includes," or "including" are used in this Settlement Agreement, they shall not be limiting but shall be deemed to be followed by the words "without limitation."

**10.7**     *Amendments.*   Before entry of the Final Approval Order, this Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of the

Parties with notice to be given to the Court of the agreed modification or amendment.  Following entry of the Final Approval Order, this Settlement Agreement may be modified or amended only by written agreement signed on behalf of all Parties, and only if the modification or amendment is approved by the Court.

> 10.8   *Entire Agreement.*  This Settlement Agreement and the attached exhibits constitute the entire agreement among the Parties and no representations, warranties, or inducements have been made to any party concerning the Settlement other than those contained in this Settlement Agreement and the attached exhibits.

> 10.9   *Waiver.*  The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving Party and specifically waiving such provisions. The waiver of any breach of this Settlement Agreement by any Party shall not be deemed or construed as a waiver of any other breach or waiver by any other Party, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

> 10.10   *Cooperation.*  The Parties agree, without further consideration, and as part of finalizing the Settlement hereunder, that they will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate the subject matter of this Settlement Agreement.  The undersigned counsel, on behalf of themselves and the Parties, agree to cooperate fully with each other in seeking Court approvals of the Preliminary Approval Order and the Final Approval Order, and to do all things as may reasonably be required to effectuate preliminary and final approval and the implementation of this Settlement Agreement according to its terms.

> 10.11   *Exhibits.*  All of the attached exhibits are incorporated by reference as though

fully set forth herein.  The exhibits shall be:  Exhibit 1 — Preliminary Approval Order; Exhibit 2 — Final Approval Order; Exhibit 3 — Plan of Allocation; Exhibit 4 — Notice of Class Action Settlement and Fairness Hearing; Exhibit 4B — Former Participant Claim Form (for settlement distributions to Former Participants in excess of $5,000); Exhibit 5 — CAFA Notice.

10.12  *Construction of the Settlement Agreement.*  No provision of the Settlement Agreement or of the attached exhibits shall be construed against or interpreted to the disadvantage of any Party to the Settlement Agreement because that party is deemed to have prepared, structured, drafted, or requested the provision.

10.13  *Notices.*  Any notice, demand, or other communication under this Settlement Agreement (other than the Settlement Notice, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail postage prepaid, or delivered by reputable express overnight courier:

> IF TO THE CLASS REPRESENTATIVES:
>
> Mark G. Boyko
> Bailey Glasser LLP
> 34 N. Gore Ave. Suite 102
> Webster Groves, Missouri  63119
> Phone:  1-314-863-5446
> mboyko@baileyglasser.com
>
> IF TO ROLLINS:
>
> W. Bard Brockman
> Bryan Cave Leighton Paisner LLP
> One Atlantic Center, 14th Floor
> 1200 West Peachtree Street N.W.
> Atlanta, Georgia 30309
> Phone: 1-404-572-4507
> bard.brockman@bclplaw.com

**10.14**      ***Communications with Participants.***  Nothing in this Settlement Agreement shall prevent or inhibit Defendants' ability to communicate with former, active, or inactive participants of the Plan.

[SIGNATURES ON NEXT PAGE]

ROLLINS, INC.

By: _____

Title: Vice President & General Counsel

Approved as to form:

_____
W. Bard Brockman
Counsel for Rollins

MARCIA FLEMING, both individually and on
behalf of the Rollins, Inc. 401(k) Savings Plan
and all others similarly situated


DAVID GUYON, both individually and on
behalf of the Rollins, Inc. 401(k) Savings Plan
and all others similarly situated


CASEY FREEMAN, both individually and on
behalf of the Rollins, Inc. 401(k) Savings Plan
and all others similarly situated


ANTHONY LOSCALZO, both individually and on
behalf of the Rollins, Inc. 401(k) Savings Plan
and all others similarly situated


PATRICK ROSEBERRY, both individually and on
behalf of the Rollins, Inc. 401(k) Savings Plan
and all others similarly situated


JULIO SAMANIEGO, both individually and on
behalf of the Rollins, Inc. 401(k) Savings Plan

MARCIA FLEMING, both individually and on
behalf of the Rollins, Inc. 401(k) Savings Plan
and all others similarly situated

10/31/2023

DAVID GUYON, both individually and on
behalf of the Rollins, Inc. 401(k) Savings Plan
and all others similarly situated

CASEY FREEMAN, both individually and on
behalf of the Rollins, Inc. 401(k) Savings Plan
and all others similarly situated

ANTHONY LOSCALZO, both individually and on
behalf of the Rollins, Inc. 401(k) Savings Plan
and all others similarly situated

PATRICK ROSEBERRY, both individually and on
behalf of the Rollins, Inc. 401(k) Savings Plan
and all others similarly situated

_____
MARCIA FLEMING, both individually and on
behalf of the Rollins, Inc. 401(k) Savings Plan
and all others similarly situated


_____
DAVID GUYON, both individually and on
behalf of the Rollins, Inc. 401(k) Savings Plan
and all others similarly situated

_____
CASEY FREEMAN, both individually and on
behalf of the Rollins, Inc. 401(k) Savings Plan
and all others similarly situated


_____
ANTHONY LOSCALZO, both individually and on
behalf of the Rollins, Inc. 401(k) Savings Plan
and all others similarly situated


_____
PATRICK ROSEBERRY, both individually and on
behalf of the Rollins, Inc. 401(k) Savings Plan
and all others similarly situated


_____
JULIO SAMANIEGO, both individually and

MARCIA FLEMING, both individually and on
behalf of the Rollins, Inc. 401(k) Savings Plan
and all others similarly situated

DAVID GUYON, both individually and on
behalf of the Rollins, Inc. 401(k) Savings Plan
and all others similarly situated

CASEY FREEMAN, both individually and on
behalf of the Rollins, Inc. 401(k) Savings Plan
and all others similarly situated

ANTHONY LOSCALZO, both individually and on
behalf of the Rollins, Inc. 401(k) Savings Plan
and all others similarly situated

PATRICK ROSEBERRY, both individually and on
behalf of the Rollins, Inc. 401(k) Savings Plan
and all others similarly situated

JULIO SAMANIEGO, both individually and on
behalf of the Rollins, Inc. 401(k) Savings Plan
and all others similarly situated

_____

MARCIA FLEMING, both individually and on
behalf of the Rollins, Inc. 401(k) Savings Plan
and all others similarly situated

_____

DAVID GUYON, both individually and on
behalf of the Rollins, Inc. 401(k) Savings Plan
and all others similarly situated

_____

CASEY FREEMAN, both individually and on
behalf of the Rollins, Inc. 401(k) Savings Plan
and all others similarly situated

_____

ANTHONY LOSCALZO, both individually and on
behalf of the Rollins, Inc. 401(k) Savings Plan
and all others similarly situated

*Patrick Roseberry*
_____

PATRICK ROSEBERRY, both individually and on
behalf of the Rollins, Inc. 401(k) Savings Plan
and all others similarly situated

_____

JULIO SAMANIEGO, both individually and on
behalf of the Rollins, Inc. 401(k) Savings Plan
and all others similarly situated

_____

MARCIA FLEMING, both individually and on
behalf of the Rollins, Inc. 401(k) Savings Plan
and all others similarly situated


_____

DAVID GUYON, both individually and on
behalf of the Rollins, Inc. 401(k) Savings Plan
and all others similarly situated


_____

CASEY FREEMAN, both individually and on
behalf of the Rollins, Inc. 401(k) Savings Plan
and all others similarly situated


_____

ANTHONY LOSCALZO, both individually and on
behalf of the Rollins, Inc. 401(k) Savings Plan
and all others similarly situated


_____

PATRICK ROSEBERRY, both individually and on
behalf of the Rollins, Inc. 401(k) Savings Plan
and all others similarly situated


_____

JULIO SAMANIEGO, both individually and on
behalf of the Rollins, Inc. 401(k) Savings Plan
and all others similarly situated


609085427.5                                    38

Approved as to form:

_____

Mark G. Boyko
Counsel for Plaintiffs


[Signatures continued]

# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **MARCIA G. FLEMING, CASEY FREEMAN, DAVID GUYON, ANTHONY LOSCALZO, PATRICK ROSEBERRY, and JULIO SAMANIEGO** individually, on behalf of the Rollins, Inc. 401(k) Savings Plan and on behalf of all similarly situated participants and beneficiaries of the Plan,<br><br>     **Plaintiffs,**<br>**v.**<br><br>**ROLLINS, INC.; THE ADMINISTRATIVE COMMITTEE OF THE ROLLINS, INC. 401(k) SAVINGS PLAN; BOTH INDIVIDUALLY AND AS THE *DE FACTO* INVESTMENT COMMITTEE OF THE ROLLINS, INC. 401(K) SAVINGS PLAN; EMPOWER RETIREMENT, LLC F/K/A PRUDENTIAL INSURANCE AND ANNUITY COMPANY; PRUDENTIAL BANK & TRUST, FBS, AS DIRECTED TRUSTEE OF THE ROLLINS, INC. 401(K) PLAN TRUST; ALLIANT INSURANCE SERVICES, INC.; ALLIANT RETIREMENT SERVICES, LLC; LPL FINANCIAL LLC; PAUL E. NORTHEN, JOHN WILSON, JERRY GAHLHOFF, JAMES BENTON and A. KEITH PAYNE** in their capacities as members of the Administrative Committee; and John and Jane Does 1-10,<br><br>     **Defendants.** | Civil Action File<br>No.  1:21-cv-05343-ELR<br><br><br>[PROPOSED] PRELIMINARY APPROVAL ORDER |

1

**[PROPOSED] PRELIMINARY APPROVAL ORDER**

1) **CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS AND APPOINTING CLASS COUNSEL;**
2) **GRANTING PRELIMINARY APPROVAL OF THE SETTLEMENT;**
3) **ENJOINING CLASS MEMBERCLASS MEMBERS FROM PURSUING ANY CLAIMS THAT ARISE OUT OF OR RELATE IN ANY WAY TO THE RELEASED CLAIMS PENDING FINAL APPROVAL OF THE SETTLEMENT;**
4) **DIRECTING NOTICE TO CLASS MEMBERCLASS MEMBERS AND APPROVING THE PLAN AND FORM OF NOTICE;**
5) **APPOINTING A SETTLEMENT ADMINISTRATOR;**
6) **SCHEDULING A FINAL APPROVAL HEARING; AND**
7) **SCHEDULING A HEARING ON CLASS COUNSEL'S MOTION FOR FEES AND COSTS.**

The Court having received and considered Plaintiff's Unopposed Motion for Preliminary Approval, for Certification of Settlement Class, and for Appointment of Class Counsel (the "Motion") (Dkt. __) in the above-captioned action (the "Action") and supporting papers including the Class Action Settlement Agreement dated November 1, 2023, (the "Settlement Agreement") and the declarations of counsel, having further considered the arguments of counsel and the pleadings and record in this case, and having held a hearing on the motion on _____, and finding good cause for granting the Motion,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.      Capitalized terms used in this Order that are not otherwise identified herein have the meaning assigned to them in the Settlement Agreement.  Plaintiffs and Rollins, Inc. are collectively referred to herein and in the Settlement Agreement as "the Parties."

2.      This Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

3.      Venue before the Court is proper pursuant to 29 U.S.C. § 1132(e)(2).

4.      The terms set forth in the Settlement Agreement are hereby preliminarily approved, subject to further consideration at the Final Approval Hearing provided for below. The Court concludes that the Settlement Agreement is sufficiently within the range of reasonableness to warrant the preliminary approval of the Settlement Agreement, the scheduling of the Final Approval Hearing, and the mailing of notices to Class Member, each as provided for in this Order.  The Court further finds that the Plan of Allocation proposed for allocating the Net Settlement Amount among Class Member is fair and reasonable.

5.      The Court approves the retention by Class Counsel of KCC Class Action Services LLC, as the Settlement Administrator.

6.      In further aid of the Court's jurisdiction to review, consider, implement, and enforce the Settlement, the Court orders that Plaintiffs, and The Rollins, Inc. 401(k) Savings Plan ("Rollins Plan" or "Plan"), and all Class Member are preliminarily enjoined and barred from commencing, prosecuting, or otherwise litigating, in whole or in part, either directly, representatively, derivatively, or in any other capacity, whether by complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located, any contention, allegation, claim, cause of action, matter, lawsuit,

arbitration, or action (including but not limited to actions pending as of the date of this Order), that arises out of or relates in any way to the Released Claims.

7.     The Court approves the Notice of Proposed Class Action Settlement ("Notice") in the form attached as Exhibit B to the Settlement Agreement.

## Class Certification for Settlement Purposes

8.     Pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure, the Court certifies, solely for the purposes of effectuating the Settlement, a proposed non-opt-out Settlement Class under Rule 23(b)(1) consisting of:

> all Participants in and Beneficiaries of the Rollins Plan (including, prior to November 1, 2022, the Western Plan and Waltham Plan) at any time from December 30, 2015 through September 30, 2023. Excluded from the Settlement Class are those individuals, including the individual defendants, who served as voting members of the Plans' administrative and/or investment committee during the Class Period.

9.     Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23(a) of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Actions would be impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and  Plaintiffs' Counsel have fairly and adequately represented and protected the interests of the Settlement Class. With respect to the Settlement Class, the Court finds that the requirements of Rule 23(b)(1)(A) and 23(b)(1)(B) have been met. Prosecution of separate actions by individual members of the Settlement Class would create a risk of inconsistent or varying adjudications as to individual Class Member that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action. Monetary relief ordered as a result of any one action by an individual class member would alter

4

the Plan for all class members, impairing or impeding those other members' ability to prosecute their interests.

10.     The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs are adequate class representatives and certifies them as Class Representative for the Settlement Class. The Court also appoints Plaintiffs' Counsel as Class Counsel for the Settlement Class.

**Manner of Giving Notice**

11.     Defendant Rollins, Inc. ("Defendant") shall use reasonable efforts to cause data to be provided to the Settlement Administrator not later than fourteen (14) calendar days from the date of this Order sufficient to determine the identity and last known address of Class Member. The names and addresses provided to the Settlement Administrator pursuant to this Order shall be used solely for the purpose of providing notice of this Settlement and distribution of the Settlement Fund and for no other purpose.

12.     Not later than forty-five (45) calendar days after entry of this Order, the Settlement Administrator shall send the Notice by first-class mail to the last address on file with the Plan's recordkeeper for each Class Member.  If the notice is returned as undeliverable, the Settlement Administrator will have the Class Member's address skip-traced and promptly remail the notice.

13.     Not later than five (5) business days after sending the Notice to Class Member, the Settlement Administrator shall provide to Class Counsel and to Defendant's Counsel a declaration attesting to compliance with the sending of the Notices, as set forth above.

14.     The Court finds that the Notice to be provided as set forth in this Order is the best means of providing notice to the Class Member as is practicable under the circumstances and,

5

when completed, shall constitute due and sufficient notice of the Settlement and the Final

Approval Hearing to all persons affected by or entitled to participate in the Settlement, the

hearing on the motion for fees, or the Final Approval Hearing, in full compliance with the

requirements of due process and the Federal Rules of Civil Procedure.

15.     All reasonable costs incurred by the Settlement Administrator for providing the

Notice as well as for administering the Settlement shall be paid as set forth in the Settlement

Agreement without further order of the Court.

16.     The Court finds that the form of notice under the Class Action Fairness Act of

2005 ("CAFA") submitted as Exhibit E to the Settlement Agreement complies with the

requirements of CAFA and will, upon mailing, discharge the Defendant's obligations pursuant to

CAFA.

## Final Approval Hearing

17.     The Court will hold a settlement hearing (the "Final Approval Hearing") on

_____. It is expected that the hearing will be in Courtroom ___ at the United States District

Court for the Northern District of Georgia, for the following purposes: (a) to determine whether

the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is

fair, reasonable, adequate and in the best interests of the Settlement Class and should be

approved by the Court; (b) to determine whether a Judgment substantially in the form attached as

Exhibit __ to the Settlement Agreement should be entered dismissing with prejudice all claims

asserted in the Action; (c) to determine whether the proposed Plan of Allocation (attached as

Exhibit ) to the Settlement Agreement) for the net proceeds of the Settlement is fair and

reasonable and should be approved; (d) to determine whether the motion by Class Counsel for an

award of Attorneys' Fees and Costs should be approved; and (e) to consider any other matters

that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Final Approval Hearing shall be given to Class Member as set forth in Paragraph 12 of this Order. Notice of any subsequent changes to the date, time, location, or process of the Final Approval Hearing shall be made by posting to the Settlement Website, unless additional notice is ordered by this Court.

18.     The Court may adjourn the Final Approval Hearing and approve the proposed Settlement with such modification as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

19.     Not later than forty-five (45) calendar days before the Final Approval Hearing, Class Counsel shall submit their application for attorneys' fees and expenses. Counsel need not supply detailed billing and expense records or receipts unless the Court directs otherwise. A summary of hours for each timekeeper, the hourly rates used for each, and a summary of expenses by category should be sufficient.

20.     Not later than forty-five (45) days before the Final Approval Hearing, Class Counsel shall submit their papers in support of final approval of the Settlement Agreement.

## Objections to the Settlement

21.     The Court will consider written comments and objections to the Settlement Agreement to the proposed award of Attorneys' Fees and Costs only if such written comments or objections are filed with the Court Clerk not later than twenty-one (21) calendar days before the Final Approval Hearing and comply with the requirements of this Order, and are served on the Parties at the following addresses:

For Filing with the Court:

Class Action Clerk
United States District Court for the Northern District of Georgia

7

> 2211 United States Courthouse,
> 75 Ted Turner Drive, SW,
> Atlanta, GA 30303-3309

To Class Counsel:

> Gregory Y. Porter
> Mark G. Boyko
> BAILEY & GLASSER LLP
> 1055 Thomas Jefferson Street NW
> Suite 540
> Washington, DC 20007
> Telephone: (314) 863-5446
> Facsimile: (314) 863-5483
> Email: mboyko@baileyglasser.com

To Defendant's Counsel:

> W. Bard Brockman
> BRYAN CAVE LEIGHTON PAISNER, LLP
> 1201 W. Peachtree St.
> 14th Floor
> Atlanta, GA 30309

22.     The Court will only consider written comments and objections to the Settlement that are signed by the Class Member and are timely filed with the Court and include all of the following: (a) the name and case number of the Action; (b) the Class Member's full name, address, telephone number, and signature; (c) a statement that the person submitting the comments or objections is a Class Member and an explanation of the basis upon which the person claims to be a Class Member; (d) all grounds for the objection, accompanied by any legal support known to the objector or his or her counsel; (e) a statement as to whether the Class Member or his or her counsel intends to personally appear and/or testify at the Final Approval Hearing; and (f) a list of any persons the objector or his or her counsel may call to testify at the Final Approval Hearing in support of the objection. Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this

8

paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement Agreement, and any untimely objection shall be barred absent an order from the Court.

23.     Anyone who files and serves a timely, written comment or objection in accordance with this Order may also appear at the Final Approval Hearing either in person or through qualified counsel retained at their own expense. Those persons or their attorneys intending to appear at the Final Approval Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the Class Member (and, if applicable, the name, address, and telephone number of that Class Member's attorney) on Class Counsel and Defendant's Counsel (at the addresses set out above) and file it with the Court Clerk by no later than 21 calendar days before the Final Approval Hearing. Anyone who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Final Approval Hearing, except by Order of the Court for good cause shown. Any comment or objection that is timely filed will be considered by the Court even in the absence of a personal appearance by the Class Member or that Class Member's counsel.

24.     The Parties may file written responses to any objections not later than seven (7) business days before the Final Approval Hearing.

**Termination of Settlement**

25.     This Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective statuses in the Action as of September 30, 2023, prior to this Settlement Agreement, if the Settlement Agreement is terminated in accordance with the terms of the Settlement Agreement.

## **Use of Order**

26.     This Order (a) shall not give rise to any inference of, and shall not be construed or used as an admission, concession, or declaration against Defendant or any Released Party of, wrongdoing or liability in the Action or any other proceeding; (b) is not an admission of any liability of any kind, whether legal or factual; (c) shall not be used or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce the Settlement Agreement; (d) shall not be construed or used as an admission, concession, or declaration by or against Plaintiffs, the Plan, or the Settlement Class that their claims lack merit or that the relief requested in the Actions is inappropriate, improper or unavailable; (e) shall not be construed or used as an admission, concession, declaration or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendant to class certification in the event that the Settlement Agreement is terminated. This Order and the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only. Defendant specifically denies any fault, breach, liability or wrongdoing.

## **Jurisdiction**

27.     The Court hereby retains jurisdiction for purposes of implementing the Settlement Agreement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement Agreement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

**SO ORDERED** this ___ day of _____, 2023.

_____
The Honorable Eleanor L. Ross
U.S. District Court Judge

# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **MARCIA G. FLEMING, CASEY FREEMAN, DAVID GUYON, ANTHONY LOSCALZO, PATRICK ROSEBERRY, and JULIO SAMANIEGO** individually, on behalf of the Rollins, Inc. 401(k) Savings Plan and on behalf of all similarly situated participants and beneficiaries of the Plan, | **Civil Action File No. 1:21-cv-05343-ELR** |
| **Plaintiffs,** | **[PROPOSED] FINAL ORDER AND JUDGMENT** |
| v. | |
| **ROLLINS, INC.; THE ADMINISTRATIVE COMMITTEE OF THE ROLLINS, INC. 401(k) SAVINGS PLAN; BOTH INDIVIDUALLY AND AS THE _DE FACTO_ INVESTMENT COMMITTEE OF THE ROLLINS, INC. 401(K) SAVINGS PLAN; EMPOWER RETIREMENT, LLC F/K/A PRUDENTIAL INSURANCE AND ANNUITY COMPANY; PRUDENTIAL BANK & TRUST, FBS, AS DIRECTED TRUSTEE OF THE ROLLINS, INC. 401(K) PLAN TRUST; ALLIANT INSURANCE SERVICES, INC.; ALLIANT RETIREMENT SERVICES, LLC; LPL FINANCIAL LLC; PAUL E. NORTHEN, JOHN WILSON, JERRY GAHLHOFF, JAMES BENTON and A. KEITH PAYNE** in their capacities as members of the Administrative Committee; and John and Jane Does 1-10, | |
| **Defendants.** | |

## [PROPOSED] ORDER AND JUDGMENT APPROVING SETTLEMENT OF CLASS ACTION

WHEREAS, Plaintiffs in the above-captioned lawsuit (the "Action") on behalf of themselves and the Settlement Class and the Plan, and Defendant Rollins, Inc. ("Defendant")[1], have entered into a Class Action Settlement Agreement dated _____ (the "Settlement Agreement"), that provides for a complete dismissal with prejudice of all claims asserted in the Action against Defendant (and defendants The Administrative Committee of the Rollins, Inc. 401(k) Savings Plan; Paul E. Northen; John Wilson; Jerry Gahlhoff; James Benton; A. Keith Payne; Alliant Insurance Services, Inc.; and Alliant Retirement Services, LLC) by Class Members on the terms and conditions set forth in the Settlement Agreement, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement;

WHEREAS, by Order dated _____ (Dkt.____) (the "Preliminary Approval Order"), this Court (1) conditionally certified the Settlement Class and appointed Class Counsel; (2) preliminarily approved the Settlement; (3) directed notice to Class Members and approved the plan and form of Notice; (4) approved the Plan of Allocation and appointed a Settlement Administrator; (5) scheduled a Final Approval Hearing; and (6) scheduled a hearing on Plaintiffs' Counsel's motion for fees and costs;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____ (the "Final Approval Hearing") to consider, among other things, (a) whether the proposed Settlement on the terms and conditions

---

[1] Plaintiffs and Defendant are referred to collectively in the Settlement Agreement and herein as the "Parties."

provided for in the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class and should be approved by the Court; (b) whether a Judgment substantially in the form attached as Exhibit A to the Agreement should be entered dismissing with prejudice all claims asserted in the Action against Defendant; (c) whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) whether the motion by Plaintiff's Counsel for an award of attorneys' fees and reimbursement of litigation expenses should be approved; and

WHEREAS, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the proposed Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.     **Jurisdiction:** The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2.     **Incorporation of Settlement Documents:**  This Order and Judgment incorporates and makes a part hereof: (a) the Settlement Agreement filed with the Court _____, including the Plan of Allocation submitted therewith, and (b) the Notice approved by the Court on _____.

3.     **Objections:** The Court has not received any objections to the Settlement. Counsel have informed the Court that they are not aware of any objections, either. The lack of any objections strongly weighs in favor of approval of the Settlement.

4.     **Class Certification for Settlement Purposes**: The Court hereby affirms its

determinations certifying, for the purposes of the Settlement only, the Action as a class action

pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure with the Settlement Class

consisting of:

> All Participants in and Beneficiaries of the Rollins Plan (including, prior to November 1, 2022, the Western Plan and Waltham Plan) at any time from December 30, 2015 through September 30, 2023. Excluded from the Settlement Class are those individuals, including the individual defendants, who served as voting members of the Plans' administrative and/or investment committee during the Class Period.

5.     **Adequacy of Representation:** Pursuant to Rule 23 of the Federal Rules of Civil

Procedure, and for the purposes of Settlement only, the Court hereby affirms its determinations

in the Preliminary Approval Order certifying Plaintiffs as Class Representatives for the

Settlement Class and appointing Plaintiffs' Counsel as Class Counsel for the Settlement Class

both in terms of litigating the claims of the Settlement Class and for purposes of entering into

and implementing the Settlement and finding that the Settlement has satisfied the requirements

of Federal Rules of Civil Procedure 23(a)(4) and 23(g).

6.     **Notice:** The Court finds that the dissemination of the Notice: (i) was implemented

in accordance with the Preliminary Approval Order; (ii) constituted the best notice reasonably

practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under

the circumstances, to apprise all Class Members of the pendency of the Action, of the effect of

the Settlement (including the releases provided for therein), of Plaintiffs' Counsel's motion for

an award of attorneys' fees and reimbursement of litigation expenses, of their right to object to

the Settlement, the Plan of Allocation and Plaintiffs' Counsel's motion for attorneys' fee and

reimbursement of litigation expenses, and of their right to appear at the Final Approval Hearing;

(iv) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive

notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal

Rules of Civil Procedure, the United States Constitution including the Due Process Clause, and all other applicable law and rules.

7.      **<u>Final Settlement Approval and Dismissal of Claims:</u>** Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects including, without limitation, the amount of the Settlement; the releases provided for therein; and other dismissal with prejudice of the claims asserted in the Action, and finds that the Settlement is, in all respects, fair, reasonable and adequate, and is in the best interests of Plaintiff and the Settlement Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions of the Agreement.

8.      As of the Settlement Effective Date, pursuant to Fed. R. Civ. P. 54(b), all of the claims asserted in this Action are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement.

9.      **<u>Binding Effect</u>**: The terms of the Settlement Agreement and of this Judgment shall be forever binding on Defendant, Plaintiffs, the Plan, and all Class Members, as well as their respective current and former beneficiaries, dependents, representatives, heirs, executors, administrators, predecessors, successors and assigns.

10.     **<u>Releases</u>**:  The releases set forth in the Settlement Agreement, including but not limited to Paragraph 6 of the Settlement Agreement (the "Releases"), together with the definitions contained in Paragraphs 2 of the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the date of the entry of this Final Approval Order and Judgment. Accordingly, the Court orders that, as of the date of entry of this Final Approval Order and Judgment:

a.  The Plaintiff and each of the other Class Members (on behalf of themselves and their past, present and future heirs, beneficiaries, executors, administrators, estates, partners, officers, directors, agents, attorneys, predecessors, successors, and assigns), for themselves and on behalf of the Plan, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice all Defendant Released Claims;

b.  The Plan, having received Independent Fiduciary approval as required by Section 3.1 of the Settlement Agreement, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice all Plaintiff Released Claims;

c.  Defendant shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice, and shall forever be enjoined from prosecuting, any or all claims against Plaintiffs related to the pursuit of the Action as provided in the Settlement Agreement.

11.  **Rule 11 Findings**: The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the claims asserted in the Action against Defendant by Class Members.

12.  **No Admissions**:  This Judgment, the Preliminary Approval Order, the Settlement Agreement (whether or not consummated), including the exhibits thereto and the Plan of

Allocation contained therein (or any other plan of allocation that may be approved by the Court), materials submitted in support of the Plan of Allocation, the negotiation of the Settlement Agreement and its exhibits, and any papers submitted in support of approval of the Settlement, and any proceedings taken pursuant to or in connection with the Settlement Agreement or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall not give rise to any inference of, and shall not be construed or used as an admission, concession, or declaration against any Released Party of wrongdoing or liability in the Action or any other proceeding; (b) are not an admission of any liability of any kind, whether legal or factual; (c) shall not be offered as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any Released Party with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was, could have been, or may be asserted or the deficiency of any defense that has been, could have been, or may be asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any Released Party; (d) shall not be offered against Plaintiffs as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against Plaintiffs in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; provided, however, that if the Settlement Agreement is approved by the Court, the Parties and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement; (e) shall not be construed against any of the Parties as an admission, concession, or presumption that the Settlement Amount represents the amount which could be or would have been recovered by the Settlement Class after trial with respect to their claims in the Action; and

(f) shall not be construed against the Plaintiffs as an admission, concession, or presumption that any of the claims asserted or to be asserted in the Action are without merit, that any of the Defendants have or had meritorious defenses, or that damages recoverable by the Settlement Class would not have exceeded the Settlement Amount.

13.    **Retention of Jurisdiction**: Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and litigation expenses by Plaintiff's Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) the Class Members for all matters relating to the Action; and (f) the interpretation, implementation and enforcement of this Judgment.

14.    **Fees and Awards.** A separate order shall be entered on the motion of Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of litigation expenses. Such order shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15.    **Modification of Settlement Agreement**.  Without further approval from the Court, Plaintiffs and Defendant are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate this Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendant may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16.    **Termination**: If the Effective Date does not occur or the Settlement is terminated

as provided in the Settlement Agreement, then this Judgment (and any orders of the Court

relating to the Settlement) shall be vacated, rendered null and void and be of no further force or

effect, except as otherwise provided by the Settlement Agreement.

17.     **Entry of Final Judgment**:  There is no just reason to delay entry of this

Judgment as a final judgment with respect to the claims asserted in the Action. Accordingly, the

Clerk of the Court is expressly directed to immediately enter this final judgment pursuant to Fed.

R. Civ. P. 54(b).

**SO ORDERED** this ___ day of _____, 2024.

_____
The Honorable Eleanor L. Ross
United States District Court Judge

# EXHIBIT 3

## A.   PLAN OF ALLOCATION

1.      The Settlement Administrator shall obtain from Rollins, Inc. ("Rollins") the Account Value for each Class Member as the last day of each quarter of the Class Period. Rollins will identify in the list, or exclude from the list, persons excluded from the Class under Section 2.9 of the Settlement Agreement. Plan investments from the last day of the first quarter of 2016 to the third quarter of 2023 will be averaged to calculate average account balances, but Class Members who had a positive account balance at the end of the fourth quarter of 2015 will be entitled to receive the minimum $10 distribution.

2.      The Settlement Administrator shall obtain, in writing, an agreement with Class Counsel and the Settlement Administrator on the net settlement proceeds, determined by the value of the Settlement Fund after all contributions from Rollins and after deductions for payment of fees, expenses, costs and awards, and an agreed-upon additional amount for anticipated and unanticipated future settlement expenses ("Net Settlement Amount").

3.      Allocation of payments shall be in proportion to each Class Member's average quarter-ending account balances across the Class Period. Thus, for any quarter in which a Class Member did not participant in the Plan or had no balance in the Plan, the Class Member will receive a value of $0 for that period when calculating the Class Member's average quarter-ending account balance.

4.      The Net Settlement Amount will be allocated as follows:

   a.   First: Calculate each Class Member's proportion of the total account balances of all Class Members.

   b.   Second: allocate to each Class Member a share of the Net Settlement Amount in proportion to that participant's proportion, where the numerator is Class Member's proportion and the denominator is the Net Settlement Amount;

5.      Class Members who are entitled to a distribution of less than $10.00 (combining all Plan accounts) will receive a distribution of $10. Class Members' awards falling below $10.00 will be increased to $10 from the Net Settlement Amount and the Net Settlement Amount will be re-allocated until the lowest participating Class Member's award is $10.00.  This modified award shall be known as the Class Member's Entitlement Amount.

6.      *Class Members with Multiple Accounts*: For Participants with multiple accounts, each account will be calculated separately, and each entitled to an increase to $10 if appropriate.

7.      Current Participants, as defined in the Settlement Agreement, will receive their distribution automatically into their Plan account, provided their plan account remains open with a positive balance at the time of distribution. Former Participants will receive their distribution in the form of a check made to them, unless they affirmatively opt to have their distribution directly rolled over into another tax-qualified account.  Former Participants who are entitled to receive a settlement distribution of more than $5,000.00 must execute and return a written consent form in order to receive their distribution. Current Participants who no longer have Plan accounts at the time of Distribution will receive their distribution in the form of a check made to them, unless they affirmatively contact the Settlement Administrator and arrange for a direct rollover into another tax-qualified account.  Checks will expire one-hundred eighty (180) days after issuance, after which the checks shall be void and the Settlement Administrator shall be instructed to return any such funds to the Settlement Fund. The Settlement Administrator shall make all necessary withholdings and reportings, consistent with federal and state tax law and the right of Class Members to roll their distribution into a qualified retirement account. The check expiration date shall be printed on the face of each check. These payments to Class Members shall be called the "Initial Distribution."

8.      Notwithstanding these requirements, the Settlement Administrator shall have the authority to reissue checks to Class Members where it determines there is good cause to do so, provided that doing so will not compromise the Settlement Administrator's ability to implement the Plan of Allocation. Reissued checks shall expire in ninety (90) days. The voidance of checks shall have no effect on the Class Members' release of claims, obligations, representations, or warranties as provided herein, which shall remain in full effect.

9.      Final Distribution: As soon as practicable following the voidance of all outstanding checks from the Initial Distribution, all remaining assets, following the payment of all outstanding costs, shall be returned to the Plan as provided for in the Settlement Agreement.

10.     The Settlement Administrator shall utilize the calculations required to be performed herein for making the required distributions of the Class Member's Entitlement Amount, less any required tax withholdings or penalties, to each Class Member and do so in a manner that accommodates, where possible, Class Members wishing to deposit their payments in qualified retirement accounts. In the event that the Settlement Administrator determines that the Plan of Allocation would otherwise require payments exceeding the Net Settlement Amount, the Settlement Administrator is authorized to make such changes as are necessary to the Plan of Allocation such that said totals do not exceed the Net Settlement Amount. The Settlement Administrator shall be solely responsible for performing any calculations required by this Plan of Allocation.

11.     If the Settlement Administrator concludes that it is impracticable to implement any provision of the Plan of Allocation, it shall be authorized to make such changes to the methodology as are necessary to implement as closely as possible the terms of the Settlement Agreement, so long as the total amount of all un-voided checks to be written by the Settlement Administrator does

not — without written agreement of Rollins and Class Counsel — exceed the Net Settlement Amount.

12.     In no case shall such funds be paid to or for the benefit of Rollins or any Defendant.

# EXHIBIT 4

## <u>NOTICE OF PROPOSED CLASS ACTION SETTLEMENT</u>

*A federal court has authorized this Notice. This is not a solicitation from a lawyer.*

## PLEASE READ THIS NOTICE CAREFULLY AS IT MAY AFFECT YOUR RIGHTS

You are receiving this notice (the "Notice") because the records of the Rollins, Inc. 401(k) Savings Plan (the "Plan") indicate that you have been a participant in the Plan between December 30, 2015 and September 30, 2023. As such, your rights may be affected by a proposed settlement of the class action litigation in the U.S. Federal Court for the Northern District of Georgia titled *Fleming, et. al. v. Rollins, Inc., et. al,* Case No. 21-cv-05343-ELR (the "Action").

This Notice summarizes the proposed Settlement. Capitalized terms not defined in this Notice are defined in the Settlement Agreement. The complete terms and conditions of the Settlement are described in the Settlement Agreement, which is available at www. _____.com, by contacting Class Counsel, Mark G. Boyko at mboyko@baileyglasser.com, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of Georgia, during public service hours, provided the office is not closed to the public.

## DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.

## <u>What this Litigation is About</u>

This class action litigation is brought on behalf of participants in the Plan. Marcia G. Fleming, Casey Freeman, David Guyon, Anthony Loscalzo, Patrick Roseberry, and Julio Samniego are the named plaintiffs and the representatives on behalf of all members of the Class in the litigation. The lawsuit was originally filed on December 30, 2021. The Class is generally defined as Participants in the Rollins, Inc. 401(k) Savings Plan (including its predecessors, the Western Plan and the Waltham Plan) during the period from December 30, 2015, through September 30, 2023.

Plaintiffs sued Rollins, Inc, ("Rollins"), the Administrative Committee of the Rollins, Inc. 401(k) Savings Plan (the "Committee"), Empower Retirement, LLC, Prudential Bank & Trust, FBS, Alliant Insurance Services, Inc., Alliant Retirement Services, LLC, and members of the Administrative Committee, including Paul E. Northen, John Wilson, Jerry Gahlhoff, James Benton, and A. Keith Payne. The complaint alleges that Defendants selected imprudent investment products for the Rollins 401(k) plan and allowed investment and administrative costs higher than reasonable levels. Based on these allegations, Plaintiffs claim that Defendants engaged in breaches of fiduciary duties to the Plan and that certain transactions were prohibited under the Employee Retirement Income Security Act of 1974 ("ERISA").

Defendants deny all allegations of wrongdoing, fault, liability or damage to the Plaintiffs

1

and the Class and deny that they engaged in any wrongdoing or violation of law or breach of fiduciary duties. Among other things, Defendants contend that the Plan fiduciaries employed a prudent, robust and thorough process for selecting, monitoring, and removing Plan investment options and for monitoring fees.

## The Terms of the Settlement

To avoid the time and expense of further litigation, Plaintiffs and Rollins have agreed to resolve the litigation. The Settlement is the product of extensive negotiations between the Plaintiffs and Rollins, who were assisted in their negotiations by a neutral private mediator. Plaintiffs and Rollins have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to resolve the litigation. The settlement between Plaintiffs and Rollins is on the terms and conditions set forth in the Settlement Agreement. If the Settlement is approved by the Court, the Class will obtain the benefits of the Settlement without the further delay and uncertainty of additional litigation. The Settlement resolves all issues regarding the Plan's selection and monitoring of plan investments and administrators and their fees from December 30, 2015 through September 30, 2023. The Named Plaintiffs have dismissed the other Defendants to the litigation.

The terms of the Settlement are set forth in the Settlement Agreement and Release dated ___, 2023 (the "Settlement Agreement"), which is available on the Settlement Website at www._____.com. Those terms are summarized below. This Notice is a summary, and in the event of any inconsistency, the Settlement Agreement, and any order of the Court, controls. Nothing in the Settlement Agreement is an admission or concession on Rollins' part of any fault or liability, nor is it an admission or concession on Plaintiffs' part that their claims lacked merit.

### Who Is Covered by the Settlement?

**Plaintiffs will request that the Court certify a Class, and the Settlement will apply to, and be binding on, that Class. The Class is defined as:**

all Participants in and Beneficiaries of the Rollins Plan (including, prior to November 1, 2022, the Western Plan and Waltham Plan) at any time from December 30, 2015 through September 30, 2023. Excluded from the Settlement Class are those individuals, including the individual defendants, who served as voting members of the Plans' administrative and/or investment committee during the Class Period.

Plan records indicate that you may be a member of the Class because you are a current or former participant in the Plan during the Class Period.

### Relief Provided to the Class by the Settlement.

**Under the proposed Settlement, Rollins will arrange for $3,925,000 to be paid into a Settlement Fund. After payment of Settlement Administration Costs (such as the cost of distributing this Notice), Class Counsel's attorneys' fees and costs, and other expenses, the remaining Net Settlement Amount will be paid to the Class.**

The Net Settlement Amount will be distributed to eligible Class Members pursuant to a Plan of Allocation to be approved by the Court. Individual payments under the Settlement for each Class Member will be determined in accordance with that Plan of Allocation, and cannot be quantified with certainty for any individual Class Member at this time. That is in part because the exact Net Settlement Amount and number of Class Members are not known at this time, although a preliminary review of Plan records suggests that approximately XX,000 individuals will be included in the Class. The proposed Plan of Allocation, and other case and settlement documents, are available at [URL].

On a summary level, the Plan of Allocation will work as follows: The Settlement Administrator will determine the Net Settlement Amount to be allocated to Class Members. The Settlement Administrator will then calculate the portion of the Net Settlement Amount to be allocated to each Class Member, based on that Class Member's quarter-ending account balances in the Plan throughout the Class Period. Thus, a Class Member's allocation will depend on the amount he or she had invested in the Plan during the Class Period, and for what amount of time. To ensure that no Class Member receives less than $10, any Class Member entitled to receive less than $10 will be allocated $10, and the remaining allocations will be adjusted proportionally. Any additional money remaining in the Settlement Fund after allocation to Class Members will be used by the Plan to pay Plan expenses that would otherwise have been paid by Plan participants.

Settlement benefits will be distributed as follows: Current Plan participants with a balance in the Plan on the Distribution Date will receive their distributions through an electronic transfer directly into their Plan accounts, which will be invested in accordance with the Participant's instructions for new contributions or, absent instruction, in the Plan's applicable default investment. Class Members who no longer maintain a balance in their Plan account as of the Distribution Date will receive a check automatically mailed to them at the address provided in the Settlement Administrator's records (generally, the address where this notice has been mailed); provided, however, that any Class Member who no longer maintains a balance in their Plan account and who is entitled to a settlement distribution of more than $5,000.00 will have to execute and return a written consent form to receive their settlement check. Unless the administrator separately notifies you that you are required to execute and return a written consent, you do not need to do anything. The administrator will not notify people prior to the Court finally approving the Settlement.

**Actual allocation amounts will depend on the final Net Settlement Amount, the final number of Class Members, and the individual Class Member's aggregate quarterly Plan investment balances and number of quarters in the Plan during the Class Period. It is possible that some Class Members may receive the minimum recovery of $10.**

All inquiries related to distributions should be addressed solely to the Settlement Administrator at the addresses listed below. In addition, if you are no longer a Plan Participant, you can contact the Administrator to request a roll-over of your distribution into a Qualified Retirement Account via email at [___@___.com]. If you are still a Plan Participant, your distribution will be made into your Plan account automatically and you do not need to request a roll-over.

3

The Settlement Administrator can also be reached by mail at:

[ADDRESS]

3. <u>Summary of the Claims Released by the Class</u>. In exchange for the Settlement Amount and other terms of the Settlement, if the Settlement is approved, all members of the Class will release the "Released Claims," which are defined in the Settlement Agreement as any and all actual or potential claims (including any Unknown Claims), actions, causes of action, demands, obligations, or liabilities (including claims for attorney's fees, expenses, or costs), whether arising under federal, state, or local law, whether by statute, contract, tort or equity or otherwise, whether brought in an individual or representative capacity, whether known or unknown, suspected or unsuspected, for monetary, injunctive, and any other relief against the Defendant Released Parties through the date the Court enters the Final Approval Order and Judgment: (a)  that were asserted in any of the Actions or that could have been asserted in any of the Actions and arise out of the conduct alleged in the Complaint; (b) that arise out of, relate to, are based on, or have any connection with: (1) the selection, retention, performance, and monitoring of the Plans' actual or potential investment options during the Class Period; (2) the performance, costs, fees, and other characteristics of the Plans' investment options during the Class Period, including any revenue sharing paid by any such investment options or used to pay service provider fees; (3) the Plans' fees and expenses during the Class Period, including without limitation its recordkeeping and other service provider fees; (4) the selection, retention, competence, performance, and monitoring of the Plans' service providers during the Class Period; (5) the selection, retention, performance, and monitoring of the Plans' asset allocation service during the Class Period; (6) the Plans' disclosures or disclosure obligations during the Class Period; or (7) the nomination, appointment, retention, monitoring, and removal of the Plans' fiduciaries during the Class Period; (c) that would be barred by *res judicata* based on entry of the Final Approval Order and Judgment; (d) that relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Net Settlement Amount pursuant to the Plan of Allocation; **or**  (e) that relate to the approval by the Independent Fiduciary of the Settlement Agreement, unless brought against the Independent Fiduciary alone.

Class Members will not have the right to bring any Released Claims against the Defendant Released Parties, which is defined in Paragraph 2.42.1 of the Settlement Agreement to mean: means (i) the Rollins Defendants (and, where applicable, their past, present and future affiliates, subsidiaries, predecessors, successors, successors-in-interest, assigns, insurers, co-insurers, reinsurers, directors, officers, benefit plan administrative and investment committee members, managers, employees, agents, independent contractors, subcontractors, representatives, attorneys, consultants, accountants, auditors, advisors, personal representatives, spouses, heirs, executors, associates and  immediate family members); (ii) Alliant Insurance Services, Inc. and Alliant Retirement Services, LLC and their respective affiliates, subsidiaries, predecessors, successors, successors-in-interest, assigns, insurers, co-insurers, reinsurers, directors, officers, managers, agents, independent contractors, subcontractors, representatives, attorneys, consultants, accountants, auditors and advisors, and (iii) all persons acting under, by, through or in concert with any of the foregoing.

The entire release is set forth in the Settlement Agreement, which can be viewed online at www._____.com, or requested from the Settlement Administrator or Class Counsel.

**The Settlement Approval Process**

The Court has granted preliminary approval of the proposed Settlement and approved this Notice. The Settlement will not take effect, and there will be no benefits distributed under the Settlement, however, if the Court does not enter a Final Approval Order and Judgment or the Settlement otherwise does not become effective. The Court will hold a Final Approval Hearing on [DATE and TIME]. The Court and the Parties anticipate the hearing will be conducted in [LOCATION], but the Court may, in order filed on the public record, change the format, time or place of the hearing. Class Counsel will attend the hearing to answer any questions the Court may have. You are not required to attend the Final Approval Hearing.

The date, modality and location of the Final Approval Hearing are subject to change by order of the Court without further notice to the Class. If you would like to attend the Final Approval Hearing, you should check the Settlement Website, [URL], or the Court's online docket to confirm that the date, modality or location has not been changed. Prior to the Final Approval Hearing, an Independent Fiduciary will be asked to approve the Settlement and Released Claims on behalf of the Plan, as may be required by ERISA Prohibited Transaction Exemption 2003-39 or any other applicable class or statutory exemptions. The Court will be informed as to whether the Independent Fiduciary approved the Settlement and Released Claims on behalf of the Plan prior to ruling on the application for final approval of the Settlement.

**The Opportunity to Object to the Settlement**

As a Class Member, you can ask the Court to deny approval of the Settlement by filing an objection. You cannot, however, ask the Court to order a settlement on different terms; the Court can approve or reject the Settlement only on the terms set forth in the Settlement Agreement. If the Court denies approval, the Settlement Amount will not be distributed and the litigation will resume.

Any objection to the proposed Settlement must be made in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must be served upon Class Counsel and counsel for Rollins, and submitted to the Court either by mailing to the Clerk of the Court, United States District Court for the Northern District of Georgia, 2211 United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303-3309, or by filing in person at any location of the United States District Court for the Northern District of Georgia. The objection must be filed (actually received by the Court) on or before [DATE]. Each objection must contain (a) the name and case number of the Action (*Fleming, et. al. v. Rollins, Inc., et. al,* Case No. 21-cv-05343-ELR); (b) the Class Member's full name, address, telephone number, and signature; (c) a statement that the person submitting the comments or objections is a Class Member and an explanation of the basis upon which the person claims to be a Class Member; (d) all grounds for the objection, accompanied by any legal support known to the objector or his or her counsel; (e) a statement as to whether the Class Member or his or her counsel intends to personally appear and/or testify at the Final Approval Hearing; and (f) a list of

any persons the objector or his or her counsel may call to testify at the Final Approval Hearing in support of the objection.

Those Class Members or their attorneys intending to appear at the Final Approval Hearing must give notice of their intention to appear setting forth, among other things, the name, address, and telephone number of the Class Member (and, if applicable, the name, address, and telephone number of that Class Member's attorney) to  Class Counsel and Rollins' Counsel and file it with the Court Clerk on or before [DATE].

If the Court approves the Settlement, you will be bound by it and will receive whatever benefits you are entitled to under its terms. You cannot exclude yourself (or "opt-out") from the Settlement. The Court has conditionally certified the Class under Federal Rule of Civil Procedure 23(b)(1), which does not permit Class Members to opt out of the Class.

### Attorneys' Fees and Case Contribution Award for Named Plaintiff

The Class is represented by Class Counsel. The attorneys for the Class are as follows:

| | | |
|---|---|---|
| Gregory Y. Porter | Paul J. Sharman | John Pels |
| Mark G. Boyko | The Sharman Law Firm, LLC | The Pels Law Firm, LLC |
| BAILEY & GLASSER LLP | 11175 Cicero Dr., Suite 100 | 4845 Rugby Ave. 3rd Floor |
| 1055 Thomas Jefferson Street NW | Alpharetta, GA 30022 | Bethesda, MD 20814 |
| Suite 540 | paul@sharman-law.com | jpels@pallaw.com |
| Washington, DC 20007 | | |
| mboyko@baileyglasser.com | | |
| 314-863-5446 | | |

Class Counsel and the Named Plaintiffs have devoted many hours to investigating the claims, bringing this litigation, and pursuing it for four years. During that time, Class Counsel incurred litigation expenses in addition to the time spent by attorneys, paralegals, and others. Class Counsel also took the risk of litigation and have not been paid for their time and expenses while this litigation has been pending before the Court.

Class Counsel will file a motion with the Court seeking approval of reasonable attorneys' fees and reimbursement of the expenses they incurred in prosecuting the litigation, to be paid from the Settlement Fund. Their request will not exceed (1) attorneys' fees of one-third of the Settlement Amount, or $1,308,333, and (2) reimbursement of expenses.

Plaintiffs will not request that the Court approve a Case Contribution Award for the Named Plaintiffs from the Settlement Fund.

Plaintiffs' preliminary approval motion and supporting papers were filed on [DATE], and the final approval motion and fee and expense motion, will be filed on or before [DATE]. Once filed, you may review these filings at www._____.com. Any award of Attorneys' Fees and Expenses approved by the Court, in addition to the Administration Costs, Independent Fiduciary Fees and Costs, and Taxes and Tax-Related Costs, will be paid from the Settlement Fund.

**Getting More Information**

> **You do not need to do anything to be a part of this Class or, if the Settlement is approved, to be eligible to receive your share of the Settlement Fund. If you still have a Plan account with a positive balance when Settlement Fund distributions are made, your Settlement benefits will be distributed to your Plan account. If you no longer have a Plan account, a check will be mailed to you.  If you no longer have a Plan account, and your settlement distributions is more than $5,000.00, you will need to execute and return a written consent form in order to receive your settlement distribution.**

You can visit the Settlement Website at www._____.com, where you will find the full Settlement Agreement, the Court's order granting preliminary approval, this Notice, and other relevant documents. If there are any changes to the deadlines identified in this Notice, the date of the Final Approval Hearing, or the Settlement Agreement, those changes will be posted to the Settlement Website. <u>You will not receive an additional mailed notice with those changes</u>, unless separately ordered by the Court. If you cannot find the information you need on the Settlement Website, you may also contact **1-800-xxx-xxx**x for more information. Please do not contact the Court or counsel for Rollins to get additional information.

Dated: _____, 2023                    By Order of the United States District Court
                                                              District Judge Eleanor L. Ross

# EXHIBIT 4B

# Required Claim Form For High-Recovery Participants in the Rollins, Inc. Settlement

Your Notice ID: «noticeid»

[Administrator Address]

*Postmaster: Do Not Mark Barcode*

«barcode39»
«noticeid»

| Submit your claim online at |
| :---: |
| www._____.com |
| **NO LATER THAN _____, 2024** |

Your Notice ID: **«noticeid»**

Your PIN: **«pin»**

«FNAME»  «LNAME»
«ADDRLINE1»  «ADDRLINE2»
«ADDRCITY»  «ADDRSTATE»  «ADDRZIP»
«COUNTRY»

You are receiving this Claim Form because the Settlement Administrator has determined that you are a Former Participant who is entitled to receive $5,000 or more from the settlement of *Fleming, et. al. v. Rollins, Inc., et. al,* Case No. 21-cv-05343-ELR, which was brought in the Northern District of Georgia and which concerns the Rollins, Inc. 401(k) Savings Plan.

This Former Participant Claim Form is **ONLY** for Class Members who are **Former Participants,** or the beneficiaries or alternate payees of Former Participants (all of whom will be treated as Former Participants) AND who are entitled to receive $5,000 or more as a result of the Settlement. A Former Participant is a Class Member who does not have an account with a balance greater than $0.00 in the Plan.

The Settlement Administrator has determined that you are eligible to receive $_____ or "at least $5,000" before any required deductions, such as for tax withholdings, if appliable.

You must submit this claim form on or before [\_\_\_\_\_], 2024, in order to receive your distribution. To file a claim, follow the instructions in Part 2 below. If you timely complete and submit this Claim Form, you will receive their settlement payment by check. Please review the instructions below carefully. If you have questions regarding this form, you may contact the Settlement Administrator by email XXXX, or calling 1-800-XXXXX.

## PART 1: GENERAL INFORMATION

1. If you would like to receive your settlement payment, please complete a claim form either electronically online at www. XXXXX.com, or by completing this form and mailing it in using the instructions below. You should also keep a copy of all pages of this Form, including the first page with the address label, Notice ID and PIN; for your records.

2. **Questions?** If you have any questions about this Form, please call the Settlement Administrator at 1-800-XXXXXX. The Settlement Administrator will provide advice only regarding completing this form and will not provide financial, tax or other advice concerning the Settlement. You therefore may want to consult with your financial or tax advisor. Information about the status of the approval of the Settlement and the Settlement administration is available on the Settlement Website, www.XXXXXXXX.com.

3. You are eligible to receive a payment from a class action settlement. You should have previously received a notice of the settlement, including the terms of the settlement and the scheduling of the Court's Final Approval Hearing. At this time, the Settlement has been approved and you are bound by the settlement, whether or not you complete and submit this Form. However, you will only receive your portion of the Settlement if you submit this Form, either by mail or by going to www.XXXXXXX.com and completing the Form electronically.

4. If you are a Former Participant, as described on the first page above, you are eligible to receive your payment by check payable to you, or by direct rollover. Please complete and submit electronically or by mail this Form to the Settlement Administrator as described below on or before [DATE] 2024.

## PART 2: INSTRUCTIONS FOR COMPLETING FORMER PARTICIPANT CLAIM FORM

Electronically submit your Former Participant Claim Form on or before [DATE], 2024, to the Settlement Administrator through the settlement website, www.XXXXXXXX.com. **NOTE**: If you file your claim online, d**o not complete or mail this form.**

If you do not wish to file your claim online at the settlement website, please complete this Form and mail via USPS postmarked on or before [DATE], 2024, to the Settlement Administrator at the following address:

**[Administrator Address]**

## Required Claim Form For High-Recovery Participants in the Rollins, Inc. Settlement

**Your Notice ID**: «noticeid»

It is your responsibility to ensure the Settlement Administrator has timely received your Former Participant Claim Form. If you change your address after sending in your Former Participant Claim Form, please provide your new address to the Settlement Administrator. You must provide your date of birth, social security number, and signature.

### PART 3: PARTICIPANT INFORMATION

First Name / Middle Initial:

Last Name:

Mailing Address:

City / State / Zip Code:

Home Phone:

Work or Cell Phone:

Participant's Social Security Number:

Participant's Date of Birth (MM/DD/YYYY):

Email Address:

### PART 4: BENEFICIARY OR ALTERNATE PAYEE INFORMATION *(IF APPLICABLE)*

☐ Check here if you are the **surviving spouse or other beneficiary** for the Former Participant and the Former Participant is deceased. <u>Documentation must be provided showing current authority of the representative to file on behalf of the deceased.</u> Please complete the information below and then continue to **Part 5: Signature**.

☐ Check here if you are an **alternate payee under a qualified domestic relations order (QDRO)**. The Settlement Administrator may contact you with further instructions. Please complete the information below and then continue to **Part 5: Signature**.

Beneficiary or Alternate Payee First Name / Middle Initial:

Beneficiary or Alternate Payee Last Name:

Mailing Address:

City / State / Zip Code:

Beneficiary or Alternate Payee Social Security Number:

Beneficiary or Alternate Payee Date of Birth (MM/DD/YYYY):

### PART 5: OPTIONAL ROLL-OVER

**SECTION III. DIRECT ROLLOVER INFORMATION**

If you would like your payment to be sent as a direct rollover,  you are required to provide the information below. Your direct rollover distribution will be a check made payable to the financial institution or employer plan you name below. It will be mailed to you at your address as shown on the other side of this form. To complete the rollover, you will need to deliver the distribution check to the designated financial institution or employer plan. Please check with the financial institution or employer plan to find out the correct name and account information for the IRA or employer plan prior to returning the form to ensure that you are able to complete the rollover.

Choose one:      Non-Roth IRA*      Roth IRA*

**Required Claim Form For High-Recovery Participants in the Rollins, Inc. Settlement**

_____
IRA Financial Institution

_____
Plan Name

_____
Name of Account/Participant

_____
Account Number

**SECTION IV. AUTHORIZATION**

I, the undersigned, make the election indicated above for payment of my Distribution Election Amount. If I selected a direct rollover, I represent that the IRA named above is a proper recipient for a direct rollover. I have reviewed the enclosed "Special Tax Notice Regarding Plan Payments" and understand the tax impact of my election. I also have been advised to discuss any tax implications with my personal tax advisor.

***(Continued on next page. <u>You must sign Part 6 for your claim to be valid.</u>)***

| PART 6: SIGNATURE |
|---|

| UNDER PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORMER PARTICIPANT CLAIM FORM IS TRUE, CORRECT, AND COMPLETE AND THAT I SIGNED THIS FORMER PARTICIPANT CLAIM FORM. |
|---|

1. The Social Security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and
2. I am a U.S. person (including a U.S. resident alien).

| Signature | | Date | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | M | M | – | D | D | – | 2 | 0 | 2 | 4 |

**Required Claim Form For High-Recovery Participants in the Rollins, Inc. Settlement**

*For Administrator Use — Do Not Write Below This Line*

# 695
v0.1

| (claim number) | (received date) | (postmarked date) |

# EXHIBIT 5

[_____] __, 2023

**VIA FEDERAL EXPRESS**

[Department]
[Address]

Re:     *Fleming, et al., v. Rollins, Inc., et al.*
         1:21-cv-05343-ELR (N.D. Ga.)
         <u>CAFA Notice Pursuant to 28 U.S.C. § 1715</u>


Dear Sir or Madam:

Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. 1715, Defendant Rollins, Inc. ("Rollins") hereby provides this Notice of a Proposed Class Action Settlement. The proposed settlement will resolve the case.

In accordance with its obligations under CAFA, Rollins is enclosing a CD containing the following documents:

**(1)     The Complaint, any materials filed with the Complaint, and any Amended Complaints.**

The Class Action Complaint and Amended Class Action Complaint filed in *Fleming, et al. v. Rollins, Inc. et al,* Civil Action No. 1:21-cv-05343-ELR (N.D. Ga.), which comprise all complaints filed in the action, can be found on the enclosed CD as "Exhibit 1-Complaint".

**(2)     Notice of any scheduled judicial hearing in the class action.**

The Court has not yet scheduled a fairness hearing regarding the settlement. Once the Court sets a hearing date, such date(s) can be found on PACER as follows: (1) enter PACER through https://ecf.gand.uscourts.gov/cgi-bin/login.pl, (2) click on "Query," (3) enter the civil case number, 21-CV-05343, (4) click on "Run Query," and (5) click on

Addressee
[MONTH]___, 2023
Page 2

"Docket Report." The order(s) scheduling hearing(s) will be found on the docket entry sheet.

**(3)      Any proposed or final notification to class members.**

The proposed Notice of Class Action Settlement as submitted to the Court can be found on the enclosed CD as "Exhibit 2 – Notice of Class Action Settlement and Fairness Hearing to Class Members."

**(4)      Any proposed or final class action settlement.**

The Stipulation and Agreement of Settlement as submitted to the Court can be found on the enclosed CD as "Exhibit 3 – Settlement Agreement."

**(5)      A final judgment or notice of dismissal.**

Final judgment has not yet been entered. Upon entry, a copy of the Final Order and Judgment will be available through PACER and can be accessed online as follows: (1) enter PACER through https://ecf.gand.uscourts.gov/cgi-bin/login.pl, (2) click on "Query," (3) enter the civil case number, 22-cv-05343, (4) click on "Run Query," and (5) click on "Docket Report." The order(s) entering final judgment will be found on the docket entry sheet.

**(6)      Names of class members who reside in each state and the estimated proportionate share of the claims of such members to the entire settlement.**

On the enclosed CD is a list of the names of Class Members who are known or believed (based on last known addresses) to reside in your state. The specific settlement allocation to each Class Member is not yet known. Each Class Member's proportionate share of the final distribution amount shall be determined by the Settlement Administrator pursuant to the Plan of Allocation to be approved by the Court. It is not yet feasible to estimate the proportionate share of the claims of the Class Members who reside in each State to the entire settlement. The enclosed list shows the percentage of the total membership of the Class that the Class Members from each state comprise.

Addressee
[MONTH]___, 2023
Page 3

**(7)      Any written judicial opinion relating to the materials described in (3) through (5).**

The Court has not yet entered a Preliminary Approval Order.  The Court's Order on the Defendants' motions to dismiss can be accessed as "Exhibit 4–Order on Defendants' Motions to Dismiss."  Any Orders or opinions entered subsequent to this letter's mailing can be found online through the process described in section (5) above.

Final judgment has not yet been entered. Upon entry, a copy of said judgment can be found online through the process described in section (5) above.

The foregoing information is based on information currently available to Rollins and its counsel, and upon the status of the proceedings at the time of the submission of this notice. You may find additional documents and information about the case, including any scheduled judicial hearings, by visiting the "PACER" online docket for the case at https://www.pacer.gov.  The court and civil case number are provided in the caption above.

If you have questions about this notice, the lawsuits, or the enclosed materials, please do not hesitate to contact me.

Sincerely,

X_____

Enclosures