# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MARCIA G. FLEMING, CASEY FREEMAN, DAVID GUYON, ANTHONY LOSCALZO, PATRICK ROSEBERRY, and JULIO SAMANIEGO individually, on behalf of the Rollins, Inc. 401(k) Savings Plan and on behalf of all similarly situated participants and beneficiaries of the Plan, <br><br> Plaintiffs, <br> v. <br><br> ROLLINS, INC.; THE ADMINISTRATIVE COMMITTEE OF THE ROLLINS, INC. 401(k) SAVINGS PLAN; BOTH INDIVIDUALLY AND AS THE *DE FACTO* INVESTMENT COMMITTEE OF THE ROLLINS, INC. 401(K) SAVINGS PLAN; EMPOWER RETIREMENT, LLC F/K/A PRUDENTIAL INSURANCE AND ANNUITY COMPANY; PRUDENTIAL BANK & TRUST, FBS, AS DIRECTED TRUSTEE OF THE ROLLINS, INC. 401(K) PLAN TRUST; ALLIANT INSURANCE SERVICES, INC.; ALLIANT RETIREMENT SERVICES, LLC; LPL FINANCIAL LLC; PAUL E. NORTHEN, JOHN WILSON, JERRY GAHLHOFF, JAMES BENTON and A. KEITH PAYNE in their capacities as members of the Administrative Committee; and John and Jane Does 1-10, <br><br> Defendants. | Civil Action File <br> No.  1:21-cv-05343-ELR <br><br> <u>**PRELIMINARY APPROVAL ORDER**</u> |

**PRELIMINARY APPROVAL ORDER**

1) **CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS AND APPOINTING CLASS COUNSEL;**
2) **GRANTING PRELIMINARY APPROVAL OF THE SETTLEMENT;**
3) **ENJOINING CLASS MEMBERCLASS MEMBERS FROM PURSUING ANY CLAIMS THAT ARISE OUT OF OR RELATE IN ANY WAY TO THE RELEASED CLAIMS PENDING FINAL APPROVAL OF THE SETTLEMENT;**
4) **DIRECTING NOTICE TO CLASS MEMBERCLASS MEMBERS AND APPROVING THE PLAN AND FORM OF NOTICE;**
5) **APPOINTING A SETTLEMENT ADMINISTRATOR;**
6) **SCHEDULING A FINAL APPROVAL HEARING; AND**
7) **SCHEDULING A HEARING ON CLASS COUNSEL'S MOTION FOR FEES AND COSTS.**

The Court having received and considered Plaintiff's Unopposed Motion for Preliminary Approval, for Certification of Settlement Class, and for Appointment of Class Counsel (the "Motion") (Doc. 122) in the above-captioned action (the "Action") and supporting papers including the Class Action Settlement Agreement dated November 1, 2023, (the "Settlement Agreement") and the declarations of counsel, having further considered the arguments of counsel and the pleadings and record in this case, and finding good cause, **GRANTS** the motion. [Doc. 122].

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Capitalized terms used in this Order that are not otherwise identified herein have the meaning assigned to them in the Settlement Agreement. Plaintiffs and Rollins, Inc. are collectively referred to herein and in the Settlement Agreement as "the Parties."

2. This Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

3. Venue before the Court is proper pursuant to 29 U.S.C. § 1132(e)(2).

4. The terms set forth in the Settlement Agreement are hereby preliminarily approved, subject to further consideration at the Final Approval Hearing provided for below. The Court concludes that the Settlement Agreement is sufficiently within the range of reasonableness to warrant the preliminary approval of the Settlement Agreement, the scheduling of the Final Approval Hearing, and the mailing of notices to Class Member, each as provided for in this Order. The Court further finds that the Plan of Allocation proposed for allocating the Net Settlement Amount among Class Member is fair and reasonable.

5. The Court approves the retention by Class Counsel of KCC Class Action Services LLC, as the Settlement Administrator.

6. In further aid of the Court's jurisdiction to review, consider, implement, and enforce the Settlement, the Court orders that Plaintiffs, and The Rollins, Inc. 401(k) Savings Plan ("Rollins Plan" or "Plan"), and all Class Member are preliminarily enjoined and barred from commencing, prosecuting, or otherwise litigating, in whole or in part, either directly, representatively, derivatively, or in any other capacity, whether by complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located, any contention, allegation, claim, cause of action, matter, lawsuit,

arbitration, or action (including but not limited to actions pending as of the date of this Order), that arises out of or relates in any way to the Released Claims.

7. The Court approves the Notice of Proposed Class Action Settlement ("Notice") in the form attached as Exhibit B to the Settlement Agreement.

## Class Certification for Settlement Purposes

8. Pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure, the Court certifies, solely for the purposes of effectuating the Settlement, a proposed non-opt-out Settlement Class under Rule 23(b)(1) consisting of:

> all Participants in and Beneficiaries of the Rollins Plan (including, prior to November 1, 2022, the Western Plan and Waltham Plan) at any time from December 30, 2015 through September 30, 2023. Excluded from the Settlement Class are those individuals, including the individual defendants, who served as voting members of the Plans' administrative and/or investment committee during the Class Period.

9. Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23(a) of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Actions would be impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Plaintiffs' Counsel have fairly and adequately represented and protected the interests of the Settlement Class. With respect to the Settlement Class, the Court finds that the requirements of Rule 23(b)(1)(A) and 23(b)(1)(B) have been met. Prosecution of separate actions by individual members of the Settlement Class would create a risk of inconsistent or varying adjudications as to individual Class Member that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action. Monetary relief ordered as a result of any one action by an individual class member would alter

the Plan for all class members, impairing or impeding those other members' ability to prosecute their interests.

10. The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs are adequate class representatives and certifies them as Class Representative for the Settlement Class. The Court also appoints Plaintiffs' Counsel as Class Counsel for the Settlement Class.

## **Manner of Giving Notice**

11. Defendant Rollins, Inc. ("Defendant") shall use reasonable efforts to cause data to be provided to the Settlement Administrator not later than fourteen (14) calendar days from the date of this Order sufficient to determine the identity and last known address of Class Member. The names and addresses provided to the Settlement Administrator pursuant to this Order shall be used solely for the purpose of providing notice of this Settlement and distribution of the Settlement Fund and for no other purpose.

12. Not later than forty-five (45) calendar days after entry of this Order, the Settlement Administrator shall send the Notice by first-class mail to the last address on file with the Plan's recordkeeper for each Class Member.  If the notice is returned as undeliverable, the Settlement Administrator will have the Class Member's address skip-traced and promptly remail the notice.

13. Not later than five (5) business days after sending the Notice to Class Member, the Settlement Administrator shall provide to Class Counsel and to Defendant's Counsel a declaration attesting to compliance with the sending of the Notices, as set forth above.

14. The Court finds that the Notice to be provided as set forth in this Order is the best means of providing notice to the Class Member as is practicable under the circumstances and,

when completed, shall constitute due and sufficient notice of the Settlement and the Final Approval Hearing to all persons affected by or entitled to participate in the Settlement, the hearing on the motion for fees, or the Final Approval Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

15.     All reasonable costs incurred by the Settlement Administrator for providing the Notice as well as for administering the Settlement shall be paid as set forth in the Settlement Agreement without further order of the Court.

16.     The Court finds that the form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted as Exhibit E to the Settlement Agreement complies with the requirements of CAFA and will, upon mailing, discharge the Defendant's obligations pursuant to CAFA.

## **Final Approval Hearing**

17.     The Court will hold a settlement hearing (the "Final Approval Hearing") on April 3, 2024. It is expected that the hearing will be in Courtroom 1708 at the United States District Court for the Northern District of Georgia, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit 2 to the Settlement Agreement should be entered dismissing with prejudice all claims asserted in the Action; (c) to determine whether the proposed Plan of Allocation (attached as Exhibit 3 to the Settlement Agreement) for the net proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Class Counsel for an award of Attorneys' Fees and Costs should be approved; and (e) to consider any other matters

that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Final Approval Hearing shall be given to Class Member as set forth in Paragraph 12 of this Order. Notice of any subsequent changes to the date, time, location, or process of the Final Approval Hearing shall be made by posting to the Settlement Website, unless additional notice is ordered by this Court.

18.     The Court may adjourn the Final Approval Hearing and approve the proposed Settlement with such modification as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

19.     Not later than forty-five (45) calendar days before the Final Approval Hearing, Class Counsel shall submit their application for attorneys' fees and expenses. Counsel need not supply detailed billing and expense records or receipts unless the Court directs otherwise. A summary of hours for each timekeeper, the hourly rates used for each, and a summary of expenses by category should be sufficient.

20.     Not later than forty-five (45) days before the Final Approval Hearing, Class Counsel shall submit their papers in support of final approval of the Settlement Agreement.

## Objections to the Settlement

21.     The Court will consider written comments and objections to the Settlement Agreement to the proposed award of Attorneys' Fees and Costs only if such written comments or objections are filed with the Court Clerk not later than twenty-one (21) calendar days before the Final Approval Hearing and comply with the requirements of this Order, and are served on the Parties at the following addresses:

For Filing with the Court:

> Class Action Clerk
> United States District Court for the Northern District of Georgia

> 2211 United States Courthouse,
> 75 Ted Turner Drive, SW,
> Atlanta, GA 30303-3309

To Class Counsel:

> Gregory Y. Porter
> Mark G. Boyko
> BAILEY & GLASSER LLP
> 1055 Thomas Jefferson Street NW
> Suite 540
> Washington, DC 20007
> Telephone: (314) 863-5446
> Facsimile: (314) 863-5483
> Email: mboyko@baileyglasser.com

To Defendant's Counsel:

> W. Bard Brockman
> BRYAN CAVE LEIGHTON PAISNER, LLP
> 1201 W. Peachtree St.
> 14th Floor
> Atlanta, GA 30309

22. The Court will only consider written comments and objections to the Settlement that are signed by the Class Member and are timely filed with the Court and include all of the following: (a) the name and case number of the Action; (b) the Class Member's full name, address, telephone number, and signature; (c) a statement that the person submitting the comments or objections is a Class Member and an explanation of the basis upon which the person claims to be a Class Member; (d) all grounds for the objection, accompanied by any legal support known to the objector or his or her counsel; (e) a statement as to whether the Class Member or his or her counsel intends to personally appear and/or testify at the Final Approval Hearing; and (f) a list of any persons the objector or his or her counsel may call to testify at the Final Approval Hearing in support of the objection. Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this

paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement Agreement, and any untimely objection shall be barred absent an order from the Court.

23. Anyone who files and serves a timely, written comment or objection in accordance with this Order may also appear at the Final Approval Hearing either in person or through qualified counsel retained at their own expense. Those persons or their attorneys intending to appear at the Final Approval Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the Class Member (and, if applicable, the name, address, and telephone number of that Class Member's attorney) on Class Counsel and Defendant's Counsel (at the addresses set out above) and file it with the Court Clerk by no later than 21 calendar days before the Final Approval Hearing. Anyone who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Final Approval Hearing, except by Order of the Court for good cause shown. Any comment or objection that is timely filed will be considered by the Court even in the absence of a personal appearance by the Class Member or that Class Member's counsel.

24. The Parties may file written responses to any objections not later than seven (7) business days before the Final Approval Hearing.

## **Termination of Settlement**

25. This Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective statuses in the Action as of September 30, 2023, prior to this Settlement Agreement, if the Settlement Agreement is terminated in accordance with the terms of the Settlement Agreement.

**Use of Order**

26. This Order (a) shall not give rise to any inference of, and shall not be construed or used as an admission, concession, or declaration against Defendant or any Released Party of, wrongdoing or liability in the Action or any other proceeding; (b) is not an admission of any liability of any kind, whether legal or factual; (c) shall not be used or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce the Settlement Agreement; (d) shall not be construed or used as an admission, concession, or declaration by or against Plaintiffs, the Plan, or the Settlement Class that their claims lack merit or that the relief requested in the Actions is inappropriate, improper or unavailable; (e) shall not be construed or used as an admission, concession, declaration or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendant to class certification in the event that the Settlement Agreement is terminated. This Order and the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only. Defendant specifically denies any fault, breach, liability or wrongdoing.

**Jurisdiction**

27. The Court hereby retains jurisdiction for purposes of implementing the Settlement Agreement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement Agreement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

## **Final Approval Hearing**

28.     The Court **SCHEDULES** a Final Approval Hearing for **Wednesday, April 3, 2024, at 10:00 a.m.** in Courtroom 1708 of the United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building, 75 Ted Turner Drive SW, Atlanta, GA 30303.

**SO ORDERED**, this 1st day of December, 2023.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia