IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARCIA G. FLEMING, CASEY FREEMAN, DAVID GUYON, ANTHONY LOSCALZO, PATRICK ROSEBERRY, and JULIO SAMANIEGO individually, on behalf of the Rollins, Inc. 401(k) Savings Plan and on behalf of all similarly situated participants and beneficiaries of the Plan,<br><br>    Plaintiffs,<br>v.<br><br>ROLLINS, INC.; THE ADMINISTRATIVE COMMITTEE OF THE ROLLINS, INC. 401(k) SAVINGS PLAN; BOTH INDIVIDUALLY AND AS THE *DE FACTO* INVESTMENT COMMITTEE OF THE ROLLINS, INC. 401(K) SAVINGS PLAN; EMPOWER RETIREMENT, LLC F/K/A PRUDENTIAL INSURANCE AND ANNUITY COMPANY; PRUDENTIAL BANK & TRUST, FBS, AS DIRECTED TRUSTEE OF THE ROLLINS, INC. 401(K) PLAN TRUST; ALLIANT INSURANCE SERVICES, INC.; ALLIANT RETIREMENT SERVICES, LLC; LPL FINANCIAL LLC; PAUL E. NORTHEN, JOHN WILSON, JERRY GAHLHOFF, JAMES BENTON and A. KEITH PAYNE in their capacities as members of the Administrative Committee; and John and Jane Does 1-10,<br><br>    Defendants. | Civil Action File<br>No. 1:21-cv-05343-ELR<br><br>**FINAL ORDER AND JUDGMENT** |

## ORDER AND JUDGMENT APPROVING SETTLEMENT OF CLASS ACTION

WHEREAS, Plaintiffs in the above-captioned lawsuit (the "Action") on behalf of themselves and the Settlement Class and the Plan, and Defendant Rollins, Inc. ("Defendant")[1], have entered into a Class Action Settlement Agreement dated November 1, 2023 (the "Settlement Agreement"), that provides for a complete dismissal with prejudice of all claims asserted in the Action against Defendant (and Defendants The Administrative Committee of the Rollins, Inc. 401(k) Savings Plan; Paul E. Northen; John Wilson; Jerry Gahlhoff; James Benton; A. Keith Payne; Alliant Insurance Services, Inc.; and Alliant Retirement Services, LLC) by Class Members on the terms and conditions set forth in the Settlement Agreement, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement;

WHEREAS, by Order dated December 1, 2023 (Dkt. 123) (the "Preliminary Approval Order"), this Court (1) conditionally certified the Settlement Class and appointed Class Counsel; (2) preliminarily approved the Settlement; (3) directed notice to Class Members and approved the plan and form of Notice; (4) approved the Plan of Allocation and appointed a Settlement Administrator; (5) scheduled a Final Approval Hearing; and (6) scheduled a hearing on Plaintiffs' Counsel's motion for fees and costs;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on April 2, 2024 (the "Final Approval Hearing") to consider, among other things, (a) whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, adequate and in the best

---

[1] Plaintiffs and Defendant are referred to collectively in the Settlement Agreement and herein as the "Parties."

interests of the Settlement Class and should be approved by the Court; (b) whether a Judgment substantially in the form attached as Exhibit A to the Agreement should be entered dismissing with prejudice all claims asserted in the Action against Defendant; (c) whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) whether Plaintiffs' Motion for Final Approval of Class Settlement should be approved; and (e) whether the motion by Plaintiff's Counsel for an award of attorneys' fees and reimbursement of litigation expenses should be approved; and

WHEREAS, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the proposed Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction:** The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. **Incorporation of Settlement Documents:** This Order and Judgment incorporates and makes a part hereof: (a) the Settlement Agreement filed with the Court on November 17, 2023, including the Plan of Allocation submitted therewith, and (b) the Notice approved by the Court on December 1, 2023.

3. **Objections:** The Court has not received any objections to the Settlement. Counsel have informed the Court that they are not aware of any objections, either. The lack of any objections strongly weighs in favor of approval of the Settlement.

4. **Class Certification for Settlement Purposes:** The Court hereby affirms its

determinations certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure with the Settlement Class consisting of:

> All Participants in and Beneficiaries of the Rollins Plan (including, prior to November 1, 2022, the Western Plan and Waltham Plan) at any time from December 30, 2015 through September 30, 2023. Excluded from the Settlement Class are those individuals, including the individual defendants, who served as voting members of the Plans' administrative and/or investment committee during the Class Period.

5. **Adequacy of Representation:** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as Class Representatives for the Settlement Class and appointing Plaintiffs' Counsel as Class Counsel for the Settlement Class both in terms of litigating the claims of the Settlement Class and for purposes of entering into and implementing the Settlement and finding that the Settlement has satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g).

6. **Notice:** The Court finds that the dissemination of the Notice: (i) was implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice reasonably practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise all Class Members of the pendency of the Action, of the effect of the Settlement (including the releases provided for therein), of Plaintiffs' Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses, of their right to object to the Settlement, the Plan of Allocation and Plaintiffs' Counsel's motion for attorneys' fee and reimbursement of litigation expenses, and of their right to appear at the Final Approval Hearing; (iv) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal

Rules of Civil Procedure, the United States Constitution including the Due Process Clause, and all other applicable law and rules.

       7.    **<u>Final Settlement Approval and Dismissal of Claims</u>:** Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects including, without limitation, the amount of the Settlement; the releases provided for therein; and other dismissal with prejudice of the claims asserted in the Action, and finds that the Settlement is, in all respects, fair, reasonable and adequate, and is in the best interests of Plaintiffs and the Settlement Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions of the Agreement.  The Court approves the Settlement Agreement as a fair, reasonable and adequate settlement and compromise of the claims asserted in this action based on the following findings of fact, conclusions of law, and determination of mixed fact/law questions:

    a. The Settlement Agreement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

    b. The Settlement Agreement was negotiated only after the settling parties engaged in pre-settlement discovery and Class Counsel received pertinent information and documents from Defendant;

    c. The settling parties were well positioned to evaluate the value of this class action;

    d. If the Settlement Agreement had not been achieved, both Plaintiffs and Defendant faced the expense, risk, and uncertainty of extended litigation;

    e. The amount of the Settlement Agreement is fair, reasonable, and adequate;

    f. The Plan of Allocation is fair, reasonable, and adequate;

g. At all times, the Class Representatives have acted independently;

h. The Class Representatives and Class Counsel have concluded that the Settlement Agreement is fair, reasonable, and adequate;

i. Class Member had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement, including to the proposed Plan of Allocation, and any requested Attorneys' Fees and Costs, to the Court;

j. There were no objections to the Settlement Agreement; and

k. The Settlement Agreement was reviewed by an Independent Fiduciary, Gallagher Fiduciary Advisors, which has approved the Settlement Agreement on behalf of the Rollins Plan (including the Western Plan and Waltham Plan).

8. As of the Settlement Effective Date, pursuant to Fed. R. Civ. P. 54(b), all of the claims asserted in this Action are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement.

9. **Binding Effect:** The terms of the Settlement Agreement and of this Judgment shall be forever binding on Defendant, Plaintiffs, the Plan, and all Class Members, as well as their respective current and former beneficiaries, dependents, representatives, heirs, executors, administrators, predecessors, successors and assigns.

10. **Releases:** The releases set forth in the Settlement Agreement, including but not limited to Paragraph 6 of the Settlement Agreement (the "Releases"), together with the definitions contained in Paragraphs 2 of the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the date of the entry of this Final Approval Order and Judgment. Accordingly, the Court orders that, as of the date of entry

of this Final Approval Order and Judgment:

    a. Plaintiffs and each of the other Class Members (on behalf of themselves and their past, present and future heirs, beneficiaries, executors, administrators, estates, partners, officers, directors, agents, attorneys, predecessors, successors, and assigns), for themselves and on behalf of the Plan, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice all Defendant Released Claims;

    b. The Plan, having received Independent Fiduciary approval as required by Section 3.1 of the Settlement Agreement, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice all Defendant Released Claims;

    c. Defendant shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice, and shall forever be enjoined from prosecuting, any or all claims against Plaintiffs related to the pursuit of the Action as provided in the Settlement Agreement.

11. **Final Injunction:** The releases and covenants not to sue set forth in the Settlement Agreement are expressly incorporated herein all respects. The Court further rules as follows:

    a. Each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, personal representatives, agents, attorneys, predecessors,

7

successors, and assigns, shall be: (i) conclusively deemed to have, and by operation of this Final Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived and discharged the Defendant Released Parties from all Defendant Released Claims; and (ii) barred and enjoined from suing any of the Defendant Released Parties in any action or proceeding alleging any of the Defendant Released Claim, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Member or Class Counsel now know or believe to be true with respect to this class action and the Defendant Released Claims.

b. The Rollins Plan (including the Western Plan and Waltham Plan) and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, personal representatives, agents, attorneys, predecessors, successors, and assigns) on behalf of the Rollins Plan (including the Western Plan and Waltham Plan) shall be: (i) conclusively deemed to have, and by operation of this Final Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Defendant Released Parties from all Defendant Released Claims; and (ii) barred and enjoined from suing any of the Defendant Released Parties in any action or proceeding alleging any of the Defendant Released Claims, even if the Rollins Plan (including the Western Plan and Waltham Plan) or any Class Member may thereafter discover facts in addition to or different from those which the Plan (including the Western Plan and Waltham Plan) or any Class Member now knows or believes to be true with respect to this class action and the Defendant Released Claims.

12. **Settlement Administrator/Plan of Allocation:** The Court rules as follows:

    a. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and Former Participant pursuant to the Plan of Allocation attached as Exhibit 3 to the Settlement Agreement, which the Court finds to be fair and reasonable.

    b. With respect to payments or distributions to Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion.

    c. Within 30 calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

13. **Rule 11 Findings:** The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the claims asserted in the Action against Defendant by Class Members.

14. **No Admissions:** This Judgment, the Preliminary Approval Order, the Settlement Agreement (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), materials submitted in support of the Plan of Allocation, the negotiation of the Settlement Agreement and its exhibits, and any papers submitted in support of approval of the Settlement, and any proceedings taken pursuant to or in connection with the Settlement Agreement or

9

approval of the Settlement (including any arguments proffered in connection therewith): (a) shall not give rise to any inference of, and shall not be construed or used as an admission, concession, or declaration against any Released Party of wrongdoing or liability in the Action or any other proceeding; (b) are not an admission of any liability of any kind, whether legal or factual; (c) shall not be offered as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any Released Party with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was, could have been, or may be asserted or the deficiency of any defense that has been, could have been, or may be asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any Released Party; (d) shall not be offered against Plaintiffs as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against Plaintiffs in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; provided, however, that if the Settlement Agreement is approved by the Court, the Parties and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement; (e) shall not be construed against any of the Parties as an admission, concession, or presumption that the Settlement Amount represents the amount which could be or would have been recovered by the Settlement Class after trial with respect to their claims in the Action; and (f) shall not be construed against the Plaintiffs as an admission, concession, or presumption that any of the claims asserted or to be asserted in the Action are without merit, that any of the Defendants have or had meritorious defenses, or that damages recoverable by the Settlement Class would not have exceeded the Settlement Amount.

15. **Retention of Jurisdiction:** Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and litigation expenses by Plaintiff's Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) the Class Members for all matters relating to the Action; and (f) the interpretation, implementation and enforcement of this Judgment.

16. **Fees and Awards:** A separate order shall be entered on the motion of Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of litigation expenses. Such order shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

17. **Modification of Settlement Agreement:** Without further approval from the Court, Plaintiffs and Defendant are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate this Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendant may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18. **Termination:** If the Effective Date does not occur or the Settlement is terminated as provided in the Settlement Agreement, then this Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Settlement Agreement.

In sum, the Court **GRANTS** the Motion. [Doc. 125]. Because there is no just reason to

delay entry of this Judgment as a final judgment with respect to the claims asserted in the Action, the Court **DIRECTS** the Clerk to immediately enter this final judgment pursuant to FED. R. CIV. P. 54(b).

**SO ORDERED**, this 2nd day of April, 2024.

_____
The Honorable Eleanor L. Ross
United States District Court
Northern District of Georgia